The opinion of the Court was delivered by
G-antt, J.
The facts in this case are admitted by the counsel, and the law of the case, in my opinion, is very clear and conclusive, that the negroes in question are not liable to the plaintiff’s demand. Much reliance has been placed upon the decision of the Constitutional Court, in *719 the case of Boatwright and Glaze v. The Administrators of Edward Wingate, but it can have no possible bearing on the present action. This action is founded on a judgment heretofore rendered, and any recovery in it must be according to the terms of that judgment; now the terms of it are, that the plaintiff was to have satisfaction for his debt, out of assets of the intestate, which should come to the hands of the administrators after that judgment, and it is admitted, in the case stated, that those ne-groes were in the hands of the administrators when the judgment was given. Why did not M’Dowall, the plaintiff, contest the truth of the plea, knowing, as he must have done, that those negroes were in the hands of the administrators ? This was the course pursued by Boat-wright and Glaze; they took issue on the plea of plene administravit, and the property embraced *by the marriage contract alluded to, was held liable to the debts of the intestate. If the verdict of the L jury had been against them on the issue, and no appeal had been taken, they then would, in point of law, have been precisely in the situation of M’Dowall, the plaintiff, respecting the property in the marriage contract. The plaintiff in this action, by taking his judgment of future assets, has admitted the facts, that the property contained in the marriage contract was not liable for his debts ; and what a party admits in pleading is as conclusive of the fact admitted as if it had been established by the verdict of a jury. The decision in Taylor v. Holman, (Buller’s N. P. 169,) is a direct authority for the present case. The defendant there had put in the plea of plene administravit. The plaintiff, in that case, like M’Dowall in this, had taken judgment of assets, guando acciderint. The plaintiff then, as M’Dowell here, brought an action on that judgment, suggesting a devastavit. Lord Mansfield would not allow the plaintiff to give any evidence of effects come to the defendant’s hands before the judgment, saying, that the plaintiff had admitted, that the defendant had fully administered to that time. In the case of Mara v. Quinn, (6 Dunford & East, 1,) Lord Chief Justice Kenyon says, “ when an executor pleads plene administravit, the creditor has an opportunity of denying the truth of that allegation, or, if it be true, he may admit it; if he deny it, the inquiry is then to be gone into, on the trial of such an issue; if he admit it, he takes judgment, and prays that his debt may be levied of such assets as may afterwards come to the hands of the executor to be administered. But the season when the creditor must ascertain whether or not, there be any assets in the executor’s hands, is when the issue of plene administravit is tried, that question is settled by the judgment given on such pleaand he further says, “ that such should be the rule of law, for if it were permitted to a creditor to litigate a second time, that which has been once settled between the parties, either by a verdict *or ad- r*c>Tfi mission, the executor would be harassed and involved in infinite *- ‘ expense and litigation.” Mr. Justice Lawrence, in delivering his opinion in the same case, cited the case of Noel v. Nelson, 1 Ventr. 94, and the case of Dorchester v. Webb, Cro. Car. 373, in which it was considered, that the admission of the truth of the plea of plene administravit operated as a bar to the creditor claiming any other assets than those that the executor should receive afterwards.
This principle of law therefore appears to have been firmly established, and founded in correct reason and sound sense. A judgment is the sen *720 tence of tlie law pronounced by the Court, upon the matter contained in the record. Every judgment by confession is an admission, both of the fact and the law arising thereon, and it is not competent for a capricious plaintiif, in a second action, to gainsay or deny what he has admitted in a former to be true. Perhaps at the time of taking his judgment he reflected, that the property in question belonged to the administratrix before marriage, and by contract was to have been settled upon her ; that the contracting parties, from ignorance of the law, had, by mistake, recorded the deed of settlement in an improper office, whereby the purpose for which it was made, had been frustrated, and disdaining to take an illiberal advantage against an unfortunate woman, whose support depended upon her being able to retain this little pittance, the generosity of his nature induced him to waive an advantage, which, in strictness of law, he might have taken, but which justice and right seemed to forbid. I wish he had adhered to this correct dictate of a feeling heart. His present attempt to make this property liable for the payment of his debt, is in opposition to an established principle of law, and which I am happy to believe, in this case, goes in support of what is strictly just and equitable. Is is the opinion of the Court, that a new trial should be refused.
Gregg, for the motion. Stark, contra.
Johnson, Richardson and Huger, JJ., concurred.