HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.

## WILLIS v. TOZER

1. ACTIONS ON JUDGMENT QUANDO ACCIDERINT.—After judgment against an administrator *quando acciderint*, an action of debt on such judgment will lie against the administrator suggesting *devastavit* of assets subsequently received.

2. DESCRIPTIO PERSONAE—SURPLUSAGE.—Where the assignee of a judgment in action on the judgment, describes herself in the caption as "executrix of," &c., but makes no allegation in the compaint of her right to sue in a representative capacity, a demurrer to the complaint will not be sustained on the ground of such omission, as the words, "as executrix," &c., in the caption may be stricken out as surplusage.

3. COMPLAINT—AMENDMENT.—A demurrer to this complaint having been sustained, on the ground that it did not allege that the funds subsequently received by defendant were applicable to plaintiff's judgment, and had been wasted by defendant, there was no error on the part of the Circuit Judge in permitting the complaint to be amended.

4. POINT NOT DECIDED BELOW—CASE CRITICISED.—An exception cannot be sustained, which charges error to the Circuit Judge in refusing to grant a

motion in the cause, when the judge made no ruling on the motion.   This case distinguished from Aultman *v.* Utsey, 41 S. C., 305.

5.  PLENE ADMINISTRAVIT—JUDGMENT QUANDO ACCIDERINT—RES JUDICATA.— An administrator being sued, pleaded *plene administravit*, but in her plea made no statement of other outstanding claims against her intestate's estate, and judgment was entered against her for the debt to be paid "out of any assets that may come into her hands to be administered."   In action of debt on this judgment, after other assets had been received, defendant cannot plead retainer for debts paid, and liabilities incurred by her before the former action, such liabilities having been also afterwards paid by her.   The requisites of a plea of *plene administravit* stated.

6.  FACTS—CONCLUSIONS OF LAW.—An allegation in a complaint, that assets received by the defendant as administratrix, were applicable to plaintiff's judgment, and had been wasted by her, states a fact and not a conclusion of law.

7.  PLAINTIFF'S CAPACITY—DEMURRER.—An allegation in the complaint, that plaintiff is a duly appointed and qualified administratrix of a deceased intestate, is sufficient where no objection was made to it, other than by oral demurrer at the trial.

8.  FORMER PLEADINGS—EVIDENCE.—In action of debt on a judgment, the unverified answer of defendant in the former action may be offered against the defendant, as evidence of the admissions therein contained.

9.  JUDGMENT—RES JUDICATA—PLENE ADMINISTRAVIT.—A judgment is conclusive as to all proper defences which were available to defendant, as well as of defences pleaded.   And, therefore, where an administratrix is sued in equity, and in her plea of *plène administravit* fails to claim credit for debts and expenses paid and incurred by her, and to set forth other outstanding debts of a higher rank, she cannot, in this action, when sued on a judgment *quando acciderint* in that action, plead a retainer for these items.

10.  PLENE ADMINISTRAVIT.—In action *at law* on a judgment, defendant, as administratrix, cannot plead that there are other outstanding debts of equal rank.

11.  ANOTHER ACTION PENDING.—The pendency of an action by an executrix against an administratrix, and personally to foreclose a mortgage, is not a bar to another action of debt on judgment by this same plaintiff against this defendant, as administratrix.

Before GARY, FRASER, and ALDRICH, JJ., Richland, July, 1893, April and July, 1894.

Action by Ariana I. Willis, as executrix of George L. Dial, deceased, against Mary A. Tozer, commenced September 4,

1892. The order of Judge Fraser, referred to in the opinion, was as follows:

This case came before me at the spring term of the court, held in April, 1894, on an oral demurrer. If the amended complaint does not conform to the order of Judge Gary giving leave to amend, a demurrer is not the mode by which the error may be corrected. There may, perhaps, have been a motion to set aside the amended complaint as not in conformity to the order, and it might have prevailed, whether it was or was not sufficient on demurrer. In the amended complaint we have the following allegations: 1. There was a former action against the defendant as administratrix, in which she pleaded *plene administravit.* 2. That on this plea there was a judgment in her favor and a judgment against her for $633.08, as administratrix, *quando acciderint.* 3. That since the rendition of this judgment she has received for the estate of her intestate the sum of $1,060.02. 4. That execution has been issued on the said judgment, and that the sheriff made a return of *nulla bona* thereto. 5. That the said sum of $1,060.02 is applicable to the plaintiff's judgment and execution. 6. That the defendant has failed and refused so to apply the same, but has wasted and misappropriated the same.

I do not think it important to enter into a review of the authorities on the subject. Chit. Pl., p. 361; Wms. Ex'ors, p. 1391. I am not prepared to say that there are no circumstances under which an administrator, situated as the defendant is in this case, would not be held liable to pay the plaintiff's judgment out of his own estate, because he has received an amount equal to it since the former judgment *quando* was rendered. Take a case in which the assets which came to the hands of the administratrix after the judgment *quando* are destroyed by the act of God or of the public enemy, or, again, where there was such a wholesale destruction of values by the termination of the late civil war; and other cases might suggest themselves. These, however, would be matters to be set up in the answer. I think that the judgment in the former case is at least *prima facie* an adjudication that there are, or were at the rendition thereof, no debts or other obligations of which the administra-

trix had notice, which would take precedence of plaintiff's debt in administration of future assets. On the coming into possession of such assets, they are *prima facie* applicable to plaintiff's judgment, and remain so until the contrary is pleaded and shown.

It is, therefore, ordered and adjudged, that the demurrer be overruled, and that the defendant have leave to answer within twenty days, if she has not already done so.

The motion made before Judge Aldrich for a nonsuit was based upon the following grounds: 1. Because there was a total failure of evidence to show that a judgment had been obtained by the plaintiff against the defendant in her representative capacity in a prior action, wherein the said defendant, by her plea, confession or default, admitted assets, or wherein the said defendant had been found to have assets by the verdict of a jury on and against the plea of *plene administravit* generally or *praeter*, or, if the action could be maintained upon the judgment introduced in evidence, then, 2. Because there was a total failure of evidence to show that any assets had been received by the defendant which were applicable to the payment of the said judgment. 3. Because there was a total failure of evidence to show that the assets received were applicable to the plaintiff's judgment, and that the defendant had wasted and misappropriated the said assets; and 4. Because the plaintiff having introduced the original answer of the defendant in evidence, to show that certain assets had been received by the defendant, and such admission being in the same paragraph and in the same sentence qualified and avoided by the averment that the assets received had been duly administered and paid out according to law, and that the said defendant had not in her hands any assets applicable to the claim of plaintiff, such statement should be taken as a whole, and the plaintiff thereby established conclusively the defence interposed by the answer; and the defendant is, therefore, entitled to a judgment of nonsuit.

His honor overruled the motion for nonsuit, saying: In this case I cannot interfere with the force and effect of Judge Gary's decision on the demurrer interposed by the defendant to the

original complaint. He, for reasons satisfactory to himself, sustained that demurrer, and ordered the complaint to be amended. I must accept Judge Gary's order, and treat it as being the law of this case. The motion before Judge Fraser, as stated by counsel, was to dismiss the amended complaint, and as stated by Judge Fraser in his decree, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Judge Fraser, in his decision as stated by him (and I presume his decision meant to cover the motion made, as stated by defendant's counsel, to wit: to dismiss the complaint because it did not comply with Judge Fraser's order), overruled this motion of the defendant, and, therefore, I must accept the complaint as being good in law and stating the cause of action, because Judge Fraser says so, and I am bound by his order in the case; so that the motion now before me is, and necessarily must be, for a nonsuit, upon the ground that the plaintiff has failed to prove his case.

In this case, as I understand it, the allegations are, there was a former judgment recovered against the defendant as administratrix by the plaintiff herein. I needn't go into the details of the pleadings, but that judgment provides that plaintiffs shall have judgment against this defendant as administratrix for a certain amount of money, to levy and issue execution against the assets that might be subsequently received. That, in effect, is the substance of the judgment. Now the present action is against Mary A. Tozer individually, and the purpose is to charge her with assets received subsequent to the recovery of the former judgment, and the motion for nonsuit is on the ground that there is no evidence in support of that allegation, or if there is evidence that she has received money, there is no evidence that she has wasted it. In her answer, and I must take and decide this question not only upon the evidence submitted, but upon the facts as they are admitted in the pleadings; therefore, the motion must be considered with reference to both the pleadings—facts admitted in the answer—and the evidence. For a first defence, the defendant denies each and every allegation of the complaint. Well, the plaintiff puts in evidence the judgment roll to which I have referred, and he

puts in evidence the former answer to the original complaint in this case, in which the defendant admits she received certain sums of money, and goes on to say how she applied them, saying they were properly applied, and denies that she owes plaintiff anything. Well, now, the admission of assets received is certainly some evidence of the allegation of the complaint.

So that we pass, then, to the question of waste. Is there any evidence that she misapplied it? For that answer we refer to the answer there. In the answer in the present case she states how she applied it; substantially, that she took the money herself, to reimburse herself for debts of the estate that she paid. If she did, I don't think the admission in either or both of her answers states so clear a defence as to show that it exculpates her from any liability to the plaintiff. If there is any evidence at all, I cannot sustain a nonsuit. She admits having received certain sums of money. There is a *nulla bona* return from the sheriff, that constitutes some evidence. I am not prepared to say there is no evidence at all in support of the allegations of the complaint, and overrule the motion for a nonsuit.

The exceptions to the rulings and charge of Judge Aldrich were as follows:

4. For that his honor, Judge Aldrich, erred in holding that the pleadings did not deny and put in issue the appointment of the plaintiff as executrix of the will of George L. Dial.

5. For that his honor, Judge Aldrich, erred in admitting in evidence the original answer of the defendant to prove assets received by the defendant, whereas his honor should have held that the complaint and answer having been amended under the order of the court, and the original answer not being verified, and no evidence being offered to show that the said answer had been brought to the attention of the defendant, the same was incompetent as evidence for the purpose indicated, and could not be used as an admission of the defendant.

6. For that his honor, Judge Aldrich, erred in refusing defendant's motion for a nonsuit, whereas his honor should have granted the said motion, on the grounds: (a) Because there was a total failure of evidence to show that a judgment had

been obtained by the plaintiff against the defendant in her representative capacity in a prior action, wherein the defendant, by plea, confession or default, admitted assets, or the said defendant had been found to have assets by the verdict of a jury on and against the plea of *plene administravit* generally or *praeter;* but if it should be held that the action could be maintained upon a judgment *quando,* then, (b) Because there was a total failure of evidence to show that any assets had been received by the defendant which were applicable to the payment of the judgment *quando* in evidence. (c) Because there was a total failure of evidence to show that the defendant had wasted and misappropriated the said assets; and (d) Because the plaintiff having introduced the original answer of the defendant in evidence to show that certain assets had been received by the defendant, and such admission being in the same paragraph and in the same sentence qualified and avoided by the averment that the assets received had been duly administered and paid out according to law, and that the said defendant had not in her hands any assets applicable to the claim of plaintiff, such statement should be taken as a whole, and the plaintiff thereby established conclusively the defence interposed by the answer, and the defendant is, therefore, entitled to a judgment of nonsuit.

7. Because his honor, Judge Aldrich, erred in refusing to allow the defendant to answer the following questions, and in ruling the same to be incompetent and irrelevant: (a) In the administration of the estate of your husband, have you ever paid any debts due by the estate? (b) Mrs. Tozer, have you, in the administration of your husband's estate, paid out any funds, any assets that came into your hands, or from your own money, debts of the estate, for attorney's fees or for the administration of the estate? (c) Have you advanced any money; if so, how much? (d) Have you paid any money out of your own pocket, out of your own funds, for any debts of the estate? (e) Have you, since the decree in the former case, paid out of the money received by you on account of this legacy left to your husband by John C. Dial any of the debts incurred by you as administratrix in the administration of that estate? (f) Have you paid out any money out of that money received by

you for attorney's fees incurred by you in carrying on and in protecting the estate that you are administratrix of? (g) Have you paid out of that money received by you on account of that legacy any debts due by the said estate to the State, such as taxes?

8. For that his honor, Judge Aldrich, erred in holding that the defendant having pleaded *plene administravit,* and suffered judgment *quando acciderint* to be taken against her in her representative capacity in the former action, she thereby admitted that any assets received after the said judgment would be liable for its payment, and was thereby estopped from saying that such assets, when received, were applied to any other purpose than to the payment of the said judgment, and in thereby holding the said judgment to be a lien on the said assets in priority over any and all other debts or liabilities of the estate of her said intestate, as well as in priority of her claim to be reimbursed for the necessary expenses of administration made by the said defendant individually, and in anticipation of assets.

9. For that his honor, Judge Aldrich, erred in refusing to allow the defendant to amend the second paragraph of her answer to the amended complaint, so as to read, that after the receipt of the said sum of six hundred and sixty-five and 55-100 dollars, the defendant paid out said money for attorney's fees and in the due administration of the estate.

10. For that his honor, Judge Aldrich, erred in holding that the record in the case of Ariana I. Dial, as executrix of the will of George L. Dial, deceased, against Mary A. Tozer, individually and as administratrix of the estate of Richard Tozer, deceased, and others, introduced by the defendant to sustain her plea of another action pending, did not sustain the said plea; and in holding that though the parties to the suit now pending were made parties to the former suit, they were made parties on a different character, and wholly separate and distinct, and for other purposes, and that, therefore, the said plea in abatement was gone; and in holding further, that in order to sustain the said plea in abatement, the parties plaintiff must be the same, and that in these cases the parties plaintiff were not the same; whereas his honor should have held that the said record showed

that the parties in the said causes were substantially the same, and that the same subject-matter was involved in both causes, and that the said plea in abatement was, therefore, good.

11. For that his honor, Judge Aldrich, erred in holding that, although due advertisement was made by the defendant as ad-administratrix of Richard Tozer, calling upon all and singular the creditors of the estate of the said Tozer to present and prove their claims against the said estate; and that although the said bond of Francis Arnold—upon which the judgment *quando* forming the basis of this action was afterwards obtained—was not presented to the defendant within the time limited by law after the said advertisement, and although this defendant had no notice thereof until on or about the 1st day of December, 1886, this defendant having failed to set these facts up as a defence to the former action, was estopped from availing herself of them.as a defence to this action.

12. For that his honor, Judge Aldrich, erred in charging the jury that "the judgment of the court meant (that is to say, the judgment *quando acciderint,* which forms the basis of this action,) that she didn't have the money then as administratrix, but that out of the assets which might afterwards come into her hands she must pay it."

13. Because his honor, Judge Aldrich, erred in charging the jury as follows: "If you are satisfied that she (meaning the defendant) received the money to the extent asked for in the complaint, and failed to pay it on the judgment of the plaintiff, they are entitled to a judgment. In her answer she admits having received the money, and sets up the plea that she applied it to other purposes, which purposes I have had to hold were not justifiable; she had no right to pay it, and the question, therefore, is, is she indebted to the amount—did she receive the money and fail to apply it to the judgment? if she did, your judgment must be for the plaintiff."

14. For that his honor, Judge Aldrich, erred in holding that the original answer of the defendant was evidence to show that the defendant had wasted and misappropriated the assets alleged to have been received.

*Messrs. Melton & Melton,* for appellant.

*Messrs. Lyles & Muller,* contra.

April 15, 1895.   The opinion of the court was delivered by

MR. JUSTICE GARY.   On the 10th of January, 1887, Francis Arnold instituted an action in the Court of Common Pleas for Richland County, against the defendant, as administratrix of the estate of Richard Tozer, to foreclose a mortgage on certain real estate in the city of Columbia.   The defendant pleaded *plene administravit,* complying with Rule 21 of the Circuit Court by filing a sworn copy of her inventory and appraisement, and by giving a statement of her administration as follows: "That no goods or chattels, rights or credits, which were of the said Richard Tozer at the time of his death have come into her hands as administratrix to be by her administered except certain personal property, that is to say: * * * which said property now in the possession of this defendant was duly appraised, according to law, at the sum of $195, and that she has paid out the sum of $209.09 on account of the expenses of the last illness and of the funeral of her said intestate, and for fees of administration.   And this defendant files herewith a copy of the inventory and appraisement of the estate of her said intestate. Wherefore, this defendant prays that whatever judgment be given against her in the premises may be made subject to this, her defence, that she has fully administered all the goods and chattels, rights and credits, of her intestate, which have come into her hands as administratrix to be administered by her."

That action resulted on the 8th of May, 1888, in a judgment in favor of the plaintiff, Francis Arnold, against the defendant as administratrix for $633.08.   The decree in that case provided: "That if the proceeds of the sale be insufficient to pay the amount adjudged to be due to the plaintiff, with interest and costs, as aforesaid, the master shall specify the amount of such deficiency, and that the defendant, Mary A. Tozer, as administratrix as aforesaid, do pay the same to the plaintiff, the said Francis Arnold, with interest from the date of such report, out of any assets that may come into her hands to be administered,

other than such as are specified in her answer herein, and that said plaintiff have execution therefor." The land was sold, and the master reported a deficiency of *$633.08.* A judgment was thereupon entered by said Francis Arnold in conformity to said decree against the said administratrix. She subsequently received $666.55, whereupon execution was issued upon the aforesaid judgment, which had in the meantime been assigned to the plaintiff in the present action, but the defendant refusing to apply money to the execution, a *nulla bona* return was made thereon, and this action commenced on the 4th day of September, 1892.

The defendant, in her answer, admitted the receipt of the assets, but pleaded: "That at divers times during her administration of the said estate, without knowledge and notice of the indebtedness to the said Francis Arnold, as set forth in the complaint herein, and prior to the commencement of the action upon the bond and mortgage of the said Francis Arnold, the defendant, in anticipation of receiving the said legacy, advanced and paid out of her own moneys, certain debts of the estate of the said Richard Tozer, and certain expenses of administration, including fees for professional services of her attorneys in and about her defence to the action pending against her as said administratrix, as hereinafter set forth, for which she asks to be reimbursed out of the assets hereinbefore acknowledged to have been received by her, which said debts and expenses of administration amount in the aggregate to the sum of $1,667.70; and this defendant further avers that at the time of the issuing of the execution set out in the sixth paragraph of the complaint, she did not have, and has not now, in her hands to be administered any assets of the estate of her said intestate." The defendant in her answer also alleges, that over and above the amount for which the plaintiff herein demands judgment against the defendant, there are due and outstanding against the estate of the defendant's intestate of equal rank with the judgment held by the plaintiff claims in various sums, amounting in the aggregate to the sum of $220.

The cause came on to be tried upon the pleadings at the summer term, 1893, of the Court of Common Pleas for Richland

County, his honor, Judge Ernest Gary, presiding.   Upon the reading of the complaint, the defendant interposed a motion to dismiss the complaint by way of oral demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action: *1.* Because it contained no allegation that a judgment had been obtained by the plaintiff against the defendant in her representative capacity in a prior action, wherein the said defendant by plea, confession or default, admitted assets, or the said defendant had been found to have assets by the verdict of a jury on and against the plea of *plene administravit* generally or *praeter.   2.* If it should be held that the action would lie on a judgment *quando acciderint,* then, because the complaint contained no allegation of fact to the effect that the funds alleged to have been received by the defendant as administratrix were applicable to the payment of such judgment, and that the said defendant had wasted and misappropriated the said assets; and *3.* Because, while it appeared in the caption of the complaint that the plaintiff was suing in her representative capacity as executrix, there were no allegations of fact in the body of the complaint showing her right so to sue.

On this motion, his honor, Judge Gary, reciting the points as above set forth, made and entered the following order: "I am of the opinion, that the first and third grounds are not well taken, but that the demurrer ought to be sustained on the second ground.   It is, therefore, ordered that the demurrer be sustained on the ground specified, but that the plaintiff have leave to amend her complaint, and that the defendant have twenty days in which to answer the amended complaint to be served upon her."

To this order, the defendant duly filed the following exceptions: 1. "For that his honor erred in not sustaining the motion by way of oral demurrer, interposed by the defendant, on the ground that the action of debt on a judgment, suggesting a *devastavit* against an administrator individually, will not lie in a case where, in the former action, there has been no admission or confession of assets found by the verdict of a jury, on and against the plea of *plene administravit* generally, or *praeter,* and in holding that the said

ground was not well taken." The appellant contends (to use the language of her attorneys) that "it is well settled in this State that an action of debt on a judgment suggesting *devastavit* will not lie on a judgment *quando acciderint*, but only where a judgment has been obtained against an administrator in his representative capacity, in which he admits assets by plea, confession or default, or found by the verdict of a jury on and against the plea of *plene administravit* generally, or *praeter*."

To support this position the appellant's attorneys rely upon the case of *Brown* v. *Hillegas*, 2 Hill, *447, in which Judge O'Neall, delivering the opinion of the court, says: "In *Jones* v. *Anderson*, 4 McCord, 118, Judge Colcock, who delivered the opinion, cites, with approbation, the remarks of the Court of Appeals of Virginia, which said that 'a suggestion of a *devastavit* may be likened to a criminal proscution, and an executor shall not be presumed guilty of a *devastavit* until it is found against him by a verdict.' I concur fully in this *dictum*. An executor or administrator is not to be made liable *de bonis propriis* until his *devastavit* is legally and firmly established. In this State this can only be done by establishing first his testator's debt by matter of record (*i. e.*, a judgment recovered *de bonis testatoris* against the executor or administrator); second, assets admitted by the defendant's plea, confession or default, or found by the verdict of a jury on and against the plea of *plene administravit* generally, or *praeter;* and third, that the defendant has wasted such assets. These are facts which, although they may be proved by matter of record, must be found against the defendant by the verdict of a jury, before judgment and execution can go against him *de bonis propriis*." They also rely upon the case of *Ford* v. *Adm'r of Rouse*, Rice, 219, in which the court, after quoting the doctrine laid down in *Brown* v. *Hillegas*, says: "Under these rules it is plain to be seen that the defendant is not in any danger of a personal liability in an action of debt suggesting *devastavit*." Also upon the case of *Spoon* v. *Smith*, 36 S. C., 588, in which Mr. Justice Pope, as the organ of the court, says: "It is, no doubt, true, as a general proposition, that the plea of *plene administravit*, set up by a personal representative of a deceased debtor, in a suit by a creditor of such

deceased debtor, when accepted as true, or established to be true, in such a suit, restricts such suing creditor to a judgment *quando acciderint*, thereby releasing the personal representative from all liability for assets of the deceased debtor that came into the personal representative's hands up to the date of the judgment, thereby rendering such personal representative liable for such assets of the deceased debtor as should, or may, come into his hands after such judgment. *Rosborough* v. *Mills*, as adm'r, 35 S. C., 578."

An examination of the cases of *Brown* v. *Hillegas* and *Ford* v. *Rouse, supra*, will show that the principles therein stated have no application to a case like this; in fact, there is not a single circumstance in either of those cases calling forth the doctrine applicable to the present case. The case of *Spoon* v. *Smith*, instead of sustaining appellant's position, is authority against it, because it shows that although the personal representative is not liable under a judgment *quando acciderint* for assets that came into his hands *up to the date of the judgment*, he is "liable for such assets of the deceased debtor as should, or may, come into his hands *after* such judgment."

The practice followed by the plaintiff herein was adopted in the cases of *McDowall* v. *Branham*, 2 Nott & McC., 572, and *Summers* v. *Tidmore*, 1 McCord, 270, and no objection was made to the proceedings on the ground mentioned herein, although they were dismissed on other grounds. It is also sustained by Williams on Executors, vol. 2, page *1705, where the author says: "If a judgment of assets *quando acciderint* has been entered against an executor or administrator, the plaintiff cannot have execution until some assets come into the hands of the defendant, when the plaintiff may bring an action of debt upon the judgment, &c." A conclusive answer to the position of the appellant, it seems to us, is, that when the personal representative is sued in an action of debt upon the judgment *quando acciderint* suggesting a *devastavit*, the defendant can *then* have the issue of fact, as to a *devastavit*, tried by a jury; and not until this is found against him and judgment entered, is he liable *de bonis propriis*. Any other course than that pursued

by the plaintiff herein, would cause a multiplicity of suits, which the Code abhors. This exception is overruled.

2. "For that his honor erred in not sustaining the demurrer made, upon the ground that, while it appears in the caption of the complaint that the plaintiff is suing in her representative capacity as executrix, there are no allegations of fact in the body of the complaint to show her right so to sue, and in holding that the said ground was not well taken." This exception cannot be sustained, because the words "as executrix" in the caption of the complaint were merely surplusage, immaterial, and can be struck out by amendment at any time. *Carroll* v. *Tompkins*, 14 S. C., 223. See, also, *Mickle* v. *Cong. Cons. Co.*, 41 S. C., 394.

3. "For that his honor erred in not sustaining the demurrer on one or both of the said grounds, and in granting the plaintiff leave to amend her complaint; whereas his honor should have sustained the demurrer on one or both of the said grounds, and dismissed the complaint." The amendment was in accordance with the liberal spirit of the Code, and was properly allowed. This exception is, therefore, overruled.

In pursuance of the order of Judge Gary, the plaintiff amended her complaint, by inserting at the end of paragraph 8 of the original complaint the additional words: "which said sum is applicable to the payment of the judgment above alleged, all of which amount the defendant has failed and refused to apply to said judgment, but has wasted and misappropriated." The cause came on to be tried on the amended pleadings, at the spring term, 1894, of the said court, his honor, Judge Fraser, presiding. Upon the reading of the amended complaint, the defendant interposed a motion to dismiss the complaint, on the ground that the order of Judge Gary had not been complied with, the amendment inserted by the plaintiff being conclusions of law; and that there were in the complaint, as amended, no allegations of fact to the effect that the assets alleged to have been received by the defendant as administratrix, were applicable to the payment of the judgment forming the basis of the plaintiff's action, and no allegations

of fact to the effect that the defendant had wasted and misappropriated the said assets, as required by the said order, and the defendant also interposed a motion by way of oral demurrer to the said amended complaint, on the ground that the said amended complaint, for the reason stated, did not state facts sufficient to constitute a cause of action. His honor, Judge Fraser, reserving his opinion at the time, entered an order of continuance, and thereafter filed the order which will be incorporated in the report of the case.

The first exception to the order of Judge Fraser is as follows: "For that his honor, Judge Fraser, erred in refusing to grant the motion of the defendant to dismiss the complaint, made on the ground that the order of Judge Gary directing the said complaint to be amended, had not been complied with." It cannot be sustained, because it does not appear that Judge Fraser made any ruling upon the question raised by this exception. In the case of *Chamblee* v. *Tribble,* 23 S. C., 75, Chief Justice Simpson, in speaking for the court, says: "Inasmuch as the Circuit Judge made no ruling upon the first question, *i. e.,* the constitutionality of the act chartering the company, we do not regard that question 'as before us,' as we can only review such questions of law as may be adjudged and determined below. In the absence of any ruling by the Circuit Judge, no question can arise in this court." This case is not like that of *Aultman* v. *Utsey,* 41 S. C., 305, where the exception was based on the ground that the Circuit Judge had *failed* to decide one of the defences set up in the answer. In the case before us the exception complains of error on the part of the presiding judge, "in refusing to grant the motion to dismiss the complaint," &c., but not because he *failed to decide* such motion. This exception is overruled.

The second exception to the order of Judge Fraser is as follows: 2. "For that his honor, Judge Fraser, erred in holding that the judgment *quando* in the former action was *prima facie* an adjudication that there are, or were at the rendition thereof, no debts or other obligations of which the administratrix had notice which would take precedence of the plaintiff's debt in administration of future assets, and that on

the coming into the possession of such assets, they are *prima facie* applicable to plaintiff's judgment, and remain so until the contrary is pleaded and shown." Section 2046 of the Revised Statutes requires that an executor or administrator shall advertise for creditors of the estate to present their demands duly attested, and allows the executor or administrator twelve months to ascertain the debts due from the deceased. When this defendant filed her plea of *plene administravit*, more than the twelve months had elapsed which were allowed for ascertaining the debts due from the deceased, and she is presumed to have ascertained this indebtedness. The defendant filed her plea of *plene administravit*, and, as required by law, set forth a full and particular account of her administration of the estate under oath, with a certified copy of the inventory and appraisment. A part of that administration, was the duty enjoined of ascertaining the indebtedness of the estate, a statement of which is properly a part of the plea of *plene administravit*. A plea of *plene administravit* without this full and particular account of the administration under oath is improper, and may be stricken out on motion. *Ford* v. *Rouse, supra.* The reason for this requirement of the law is thus stated in *Ford* v. *Rouse:* "For, if that plea had been accompanied by defendant's accounts, the plaintiff might have replied the payment of debts out of their legal order, and averred that his debt was entitled to priority of payment."

A judgment is conclusive between the parties to it not only as to those matters which were actually decided, but also all such as were necessarily involved in its rendition. *Trimmier* v. *Thomson,* 19 S. C., 254; *Micheau* ads. *Caldwell,* 1 Speer, 276. The question as to the indebtedness of the deceased had necessarily to be decided by the court in rendering judgment *quando acciderint,* in so far as the *defendant and* the *plaintiff* therein were concerned. It must be remembered that this is not a contest between the plaintiff and other *creditors* attempting to assert their rights. The judgment *quando acciderint* required the defendant to pay the claim assigned to this plaintiff out of any assets that might come into her hands to be administered other than such as were specified in her answer therein, and that

the plaintiff should have execution therefor.   There is no reference in the judgment *quando acciderint* to the claims of any other person to be paid out of after-acquired assets, and we think the Circuit Judge, *as to these parties, plaintiff and defendant,* was right in the principle announced by him as stated in this exception.   This exception is overruled.

The third exception to the order of Judge Fraser is as follows: "For that his honor, Judge Fraser, erred in holding upon demurrer that the amended complaint stated a cause of action; whereas his honor should have dismissed the amended complaint, on the ground that there were no allegations of fact to show that the assets alleged to have been received by the defendant were applicable to the plaintiff's judgment, and that the said defendant had wasted and misappropriated the said assets."   The plaintiff alleges, in paragraph 8 of the amended complaint, that the defendant, after the recovery of the judgment *quando acciderint,* received assets of the estate, "which said sum is applicable to the payment of the judgment above alleged, all of which amount said defendant has failed and refused to apply to the said judgment, but has wasted and misappropriated."   In considering the second exception to Judge Fraser's order, this court held that the assets just mentioned were *prima facie* applicable to plaintiff's judgment.   We think that the allegations of the complaint, that the defendant has failed and refused to apply the said assets to the judgment *quando acciderint,* but has wasted and misappropriated them, are allegations of *fact,* and not conclusions of law.   This exception is overruled.

The case next came on for trial on the said amended pleadings before his honor, Judge James Aldrich, and a jury, at the summer term, 1894, of the said court.   At the close of the plaintiff's testimony the defendant moved for a nonsuit, which was refused.   The grounds upon which the motion was made, together with the reason assigned by the presiding judge in refusing it, will be reported with the case.   The defendant then offered testimony, at the close of which his honor charged the jury.   The jury rendered a verdict for the plaintiff for $666.55, upon which judgment was entered.   The plaintiff's

exception to the ruling and charge of his honor, Judge Aldrich, will be set out in the report of the case.

The first exception (No. 4, in the "Case,") is disposed of by the case of *Mickle* v. *Congaree Construction Co.*, *supra*, the rubric of which [in 19 S. E. R., 725,] is as follows: "An allegation in the complaint that plaintiff is a duly appointed and qualified administrator of a deceased intestate, is sufficient, where no objection was made to it other than by oral demurrer at the trial." This exception is overruled.

The second exception (No. 5) is disposed of by the case of *Hall* v. *Woodward*, 30 S. C., 578, in which Mr. Justice McIver says: "When he introduced in evidence the original answer, admitting these facts, which we think was competent evidence, just as any other written or verbal admission made by defendant, he made out a *prima facie* case, which threw the burden of proof upon the defendant to rebut or explain such admission, and Judge Witherspoon very properly gave the plaintiff the benefit of this view. As we have said, this original answer was competent evidence, just as a letter or any other writing signed by the defendant would have been, but it was not conclusive of the fact therein stated. If it had remained as a part of the pleading, then it would have been an admission of record and conclusive. But when it was 'sponged out' as a part of the pleading—to use the expression found in some of the cases—it lost its conclusive character, and stood like any other written or verbal admission which the defendant may have made, open to explanation." This exception is overruled, as is also the eleventh exception (No. 14), which raises the same question.

Parts (a), (b), and (c), of the third exception (No. 6) are disposed of by the principles announced in considering the second exception to Judge Fraser's order, and cannot be sustained. Part (d) cannot be sustained. The answer was not a pleading in the case in which it was offered in evidence, and, therefore, creating a conclusive admission of the matters therein alleged, but was introduced just as any other written or verbal admission. It was for the jury to say

what part of it they believed. If Judge Aldrich had passed upon the facts alleged in the answer, he would have invaded the province of the jury. The third exception (No. 6) is overruled.

All the other exceptions except the seventh (No. 10) will be considered together.

In Am. & Eng. Ency. of Law, page 386, it is said: "Under plea of *plene administravit*, in answer to the proof of assets, the executor or administrator may show that he has exhausted the assets in discharging debts of a higher rank before suit commenced." Also, *Ibid.*, page 387: "The executor or administrator may plead a retainer for the expenses of the funeral, or probate charges, or to reimburse himself for payments made out of his own pocket in discharge of debts superior to the plaintiff's before commencement of suit." In 2 Williams on Executors, page 1667, it is said: "Again, an executor is bound to plead a debt of a higher nature of which he has notice, in bar of an action brought against him for a debt of an inferior nature, and *reins ultra*, if he has not assets for both, otherwise it will be an admission of assets to satisfy both debts." See, also, *Ibid.*, pages 1670–1, 1682–3. All such matters are part of the administration of the estate, which the executor or administrator is compelled to set forth in "the full and particular account of the administration of the estate," in his plea of *plene administravit*.

The defendant having had the opportunity, as well as it being her duty, to present the real condition of the administration of the estate in the first action, we will now consider her right to a second opportunity for such adjudication. The rule is so clearly stated in the case of *Micheau* ads. *Caldwell*, 1 Speer, 276, that we quote somewhat at length from that case. The court says: "In the case of *Earle* v. *Hinton*, 2 Str., 732, Chief Justice Eyre said: 'It is a settled rule in law, that if a defendant has a matter proper for his defence, and he neglects to plead it in bar to the action at the time he may, he shall never take advantage of it after.' And Justice Butler expressed himself in nearly the same words in the very strong case on this subject of *Ewing* v. *Peters*, 3 Term, 685, where the change in the consequences of

a judgment, which result from the Statute of Anne allowing double pleas, has been pointed out by Justice Grose. So universal is the rule mentioned above, that it is constantly acted on, even by the Court of Equity, as may be seen by the case of *Maxwell* v. *Connor*, 1 Hill Ch., 14, where Chancellor J. Johnston, in reference to what he acknowledged to be a hard case, uses the following strong language: 'If a defendant has been before a competent tribunal, which has proceeded to judgment, that decision until reversed is conclusive upon him in every tribunal having concurrent or other jurisdiction. It is conclusive upon him as to every matter of defence not only presented but which could have been presented by him; and it is conclusive upon him, although the judgment be erroneous, if he acquiesces in it and does not proceed to reverse it. It is conclusive on him because a party, whenever he is brought into a court, is bound to full diligence, which, if he uses, he will obtain his right; if he neglects, either in putting in proper pleas or introducing all his evidence to support them, he has no one to blame but himself, nor will his neglect in one court be allowed to give him a right to a second trial either in that court or another. If the tribunal before which he commits errors in deciding his appeal is not to a court of merely concurrent jurisdiction, but to that tribunal which is by the Constitution provided exclusively and expressly for the correction of errors, and if he neglects to prosecute an appeal, he must bear the consequences.' * * * To decide, then, whether this administratrix can now plead that she had no asset when the former recovery was had against her, it is sufficient to ask, could the want of assets have been then pleaded? and could the judgment, *de bonis,* &c., *et si non,* &c., have been rendered against her, if the want of assets had been made then to appear? The plea of *plene administravit* would, in the former action, have been a good defence; and, if true, the judgment against her could at most have been only for assets *quando acciderint.* Her neglect to enter the plea was an admission of assets, which she cannot now retract without contradicting the judgment. * * * Pleading one only of two pleas necessary to a full defence, more especially of two admissible pleas, pleading that

which is untrue and neglecting the other said to be true, is, at least, default *pro tanto;* and upon the universal rule before mentioned, is, after judgment, an acknowledgment that what was omitted would not have availed." See, also, *Trimmier* v. *Thomson,* 19 S. C., 247, and the cases therein cited.

To the allegation of the answer that there are other claims against the estate of equal rank with that of the plaintiff, it is only necessary to refer to the case of *Huger* v. *Dawson,* 3 Rich., 328, to show that such question cannot be considered in an action at law. In that case the court says: "The plaintiff has obtained judgment against the defendant for a bond debt of their testator, and the amount has been levied on his estate and is in the court. But the State Bank comes and alleges that they are also a bond creditor, and entitled to be paid *pari passu* with the plaintiff. Now there is no proceeding by which the plaintiff can put in issue at law the *factum* of the bond to the State or the *quantum* of assets. The executors alone are capable of making up their issues with the bank. It follows, then, that the plaintiff is entitled to be paid out of the fund in court in exclusion of the bond debt claimed to be due by the bank; and for the same reason the bank is entitled to be paid its prior judgment in preference to the plaintiff." These exceptions are overruled.

The seventh exception (No. 10) is overruled for the reasons therein stated by the presiding judge, which are satisfactory to this court.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.