13261

HOLCOMBE v. GARLAND & DENWIDDIE, INC.

(160 S. E., 881)

*Messrs. Hicks & Johnston,* for appellant,

*Messrs. J. Robert Martin* and *Benjamin A. Bolt,* for respndent,

October 26, 1931.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Here is the brief "statement" of the issue submitted to this Court: "Appeal from an order refusing to allow defendant to plead a recovery in an action for personal injuries as a bar to an action for personal damages—all of which arose out of the same negligent act of the defendant."

### HISTORY

The case arose as follows: October 10, 1929, W. C. Holcombe began an action in the Court of Common Pleas against Garland & Denwiddie, Inc. The complaint alleged personal injuries resulting from an automobile accident which occurred July 22, 1929, and asked for $5,000 actual and punitive damages. The case was removed to the Federal Court for the Western District on October 28. Defendant answered in due time, entering a general denial.

November 21, 1929, plaintiff brought a second action in the Court of Common Pleas against the same defendant, alleging damage to personal property (his horse and wagon), arising out of the same accident, and asked for $2,900 damages, actual and punitive.

Defendant answered the case in the Court of Common Pleas, setting up two defenses: First, a denial; second, in the first paragraph it alleged the bringing of the first action above set forth, in the second paragraph it alleged that the causes of action were identical, and that the action in the Court of Common Pleas was merely asking for additional damages, and was therefore undue and unnecessary litigation, and in the third paragraph that the first case had been removed to the Federal Court and was still pending therein.

The action in the Federal Court resulted in a verdict for plaintiff in the sum of $2,500.00 actual damages.

September 6, 1930, Judge Dennis heard and granted a motion by plaintiff to strike out the three paragraphs of the second defense, on the ground that the same "is irrelevant and constitutes no defense to plaintiff's cause of action."

The same day defendant made a motion before Judge Dennis to be allowed to file an amended answer by which

it was proposed to plead the action for personal injuries in the Federal Court, the verdict, the judgment, and satisfaction of same by defendant, and "that the said verdict and judgment is *res adjudicata* of the cause of action set forth in the complaint in the present action and is pleaded as a bar to this proceeding."

The motion to amend was first granted, but the next day it was refused in a short order.

His Honor held that proceeding with the trial would not waive any objection to the ruling on the motion to amend. Accordingly, the trial was ordered and had, and resulted in a verdict for plaintiff for $100.00 actual, and $200.00 punitive damages.

A motion for new trial was made on the grounds: (1) There was error in striking out the amended answer which set out the judgment and satisfaction in the Federal Court as a bar; (2) In ordering defendant to trial on the answer as it stood without the amendment. The motion was refused. Defendant appeals on three exceptions, as follows: (1) It was error to strike out the amended answer which pleaded the judgment and satisfaction in the Federal Court as a bar to this action; (2) In excluding testimony to prove said judgment and satisfaction; (3) In refusing the motion for new trial on the ground that there was no error in striking out the stricken part of the answer.

Appellant clearly and succinctly states the underlying proposition which will determine the appeal. "One question is raised by this appeal, it is this: Where respondent is driving his wagon on the public highway and an automobile negligently strikes and injures his person and his personal property by one and the same act at one and the same time, does respondent have one cause of action in which he must recover all the damage he suffers, or two causes of action; one for injury to his person and a second for injury to his personal property?"

It excites surprise to find that this exact question has not been expressly decided in this State. There are cases, some

of which will be hereinafter noticed, which decide that given facts do or do not constitute more than one cause of action.

Appellant's argument evinces thorough examination of the authorities, and a close reasoning from principles. One is reminded of what Mr. Associate Justice Curtis of the United States Supreme Court said upon the occasion of the death of Mr. Chief Justice Taney, to wit: "His power of subtle analysis exceeded that of any man I ever knew; a power not without its dangers to a Judge, as well as to a lawyer."

This comparison is not made in a spirit of hypercriticism, but for the purpose of suggesting that a too great refinement of analysis may lead one away from the basic principle with which an argument began, and load the thesis with unnecessary repetition and citations.

Do the facts of this case entitle the plaintiff to bring two actions? Do they state more than one cause of action?

We will use freely appellant's brief and the authorities there cited.

What constitutes a cause of action?

"Every judicial action must, therefore, involve the following elements; a primary right possessed by the plaintiff and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting upon the defendant springing from this delict, and finally the remedy or relief itself.

"Every action however complicated or however simple must contain these essential elements. Of these elements, *the primary right and duty and the delict or wrong, combined, constitute the cause of action in the legal sense of the term, and as it is used in the codes of the several States.*" Pomeroy's Code Remedies (4th Ed.), § 347, page 460.

"The cause of action is the right claimed or the wrong suffered by the plaintiff on the one hand, and the duty or delict of defendant on the other." *Hayes v. Clinkscales,* 9 S.

C., 450; *Rodgers v. Mutual, Etc., Ass'n,* 17 S. C., 406–410; *Columbia Nat. Bank v. Rizer,* 153 S. C., 55, 150 S. E., 316, 68 A. L. R., 443.

It is unnecessary to add to these clear definitions of a cause of action. The difficulty in every case is to apply the facts to this principle.

The rule of application is thus stated in Pomeroy's Code Remedies (4th Ed.), § 349, page 465: "If the facts alleged show one primary right of plaintiff, and one wrong done by the defendant, which involves that right, the plaintiff has stated but a single cause of action, *no matter how many forms or kinds of relief he may claim that he is entitled to and may ask to recover; the relief is no part of the cause of action."* (Italics added.)

Applying this rule to the facts of this case, it appears that the plaintiff was using the highway, which he had a right to do, in safety. That defendant wrongfully invaded that right by driving his automobile against the wagon in which plaintiff was driving. Here the cause of action is complete; plaintiff's primary right to be on the highway combined with defendant's wrongful act of invasion of that right. A single cause of action. But it is argued that plaintiff suffered damages not only to his person but to his property for which he is entitled to damages, and he is entitled to punitive damages for defendant's willful conduct. If all that be conceded, it remains true that the remedy is no part of the cause of action. The plaintiff may in one action declare upon each one of his claims for damages. He may not harass defendant with a multiplicity of suits by making of each element of damage a separate cause of action.

In *Threatt v. Brewer Mining Co.,* 49 S. C., 95, 26 S. E., 970, 981, the issue arose when plaintiff sought damages for injury, by the milling operations of the defendant, to plaintiff's bottom land, and for other items set out in the claim. A motion was made to require plaintiff to elect on which cause of action he would proceed, which motion was refused; the Circuit Judge held that there was but one cause of ac-

tion stated. This ruling was made a ground of appeal by defendant. Delivering the opinion of the Court, Mr. Justice Pope said: "What the plaintiff in the case at bar really seeks is to prevent the defendant, through its milling operations, from invading his right of property. The injury to his bottom land is one element in this invasion of his right of property; the injury to his right to water his stock in the stream is another element; the injury to pure air at his home is another element; the injury to his fishing privilege in such stream is another element; the injury to the two neighborhood roads is another element; the injury to his ditches another element; and the injury to the air he breathes while in his bottom lands is another element. All these elements enter in to complete the alleged wrong to plaintiff by this defendant through his milling operations. The Circuit Judge evidently took this view of the complaint when he overruled this objection to it. We take the same view.

The irresistible conclusion from this opinion is that, if plaintiff had sought to make each of these elements of damage the basis of an action, he could not have maintained such separate actions, because there was only one primary right and one primary wrong.

In the case of *Perry v. Jefferies*, 61 S. C., 292, 39 S. E., 515, the plaintiff brought action for trespass on real estate, alleging that against her express protest and wish the defendant had entered upon her lands and had cut therefrom timber and wood.

A motion to elect upon which cause of action she would proceed was overruled. The Supreme Court sustained the ruling holding that but one cause of action was stated.

Defendant negligently injured plaintiff's wife and destroyed his horse and buggy. Plaintiff brought action for medical expenses, etc., in treating his wife for loss of services of wife, damage to property and expense, and joined all in one action. Defendant demurred for misjoinder of action. Overruled.

Mr. Chief Justice McClellan delivering the opinion on appeal, said:

"We know of no principle of law or decided case which requires him to split this one cause of action into two or more because the injuries he sustains may be diversified in character. To the contrary, he must lay all he has suffered in one action, or, failing in that, he foregoes his claim for such part of the injury as he does not count upon." *Birmingham So. Ry. v. Lintner*, 141 Ala., 420, 38 So., 363, 365, 3 Ann. Cas., 461, found in 109 Am. St. Rep., 40.

"We therefore hold that for a single wrongful or negligent act which injures both his person and his property an individual has but a single cause of action. In this ruling we are supported by the case of *W. & A. R. Co. v. Atkins*, 141 Ga., 747, 82 S. E., 139, where it was held, in denying a motion for a rehearing, that the careless striking of the plaintiff's wagon, whereby he suffered damage both to his person and his property, constituted but a single tort, and that a settlement for the property damage barred an action for damages on account of the personal injuries." *Ga. Ry. & Power Co. v. Endsley*, 167 Ga., 439, 145 S. E., 851, 853, 62 A. L. R., 256.

The excellent brief of appellant contains other citations from other states of the Union and from Federal Courts, and our own investigation discloses others, but it is needless to quote them.

Confusion arises in the application of the facts of each occurrence, in the effort to determine whether more than one cause of action arises out of the occurrence. Unquestionably more than one cause of action may so arise; often does so arise. By way of illustration: Our own cases of *Ralph v. So. Ry. Co.*, reported in 160 S. C., 229, 158 S. E., 409, grew out of a collision between the automobile in which Mr. and Mrs. Ralph were riding, and a train on defendant's railroad. Both Mr. and Mrs. Ralph were injured in their persons; and Mr. Ralph's car was damaged.

There were two actions: One by Mr. Ralph for injury to his person and damage to his car; and one by Mrs. Ralph for injuries to her person. There was here no vice in pleading. True, there was only one tort, but it resulted in two wrongs; hence, two causes of action. One to Mr. Ralph for his injuries to person and property, and one to Mrs. Ralph for her personal injuries.

The administrator of one who has been killed by the wrongful act of another may bring two actions against the tort-feasor. One under Lord Campbell's Act in behalf of the special class of beneficiaries therein named; and one for damages to, or loss of property of, decedent, injured by the same tort, which would be for the benefit of the general heirs at law of the intestate and, or, for the benefit of the creditors of the estate.

The distinction is made clear in *Southern Ry. Co. v. King* (C. C. A.), 160 F., 332, 335, cited in appellant's brief: "Where injuries to the person and the physical property of the injured party grew out of a single tort, then, and in that event, the tort to the person and the property constitutes but a single cause of action, and, as previously suggested, the same should be presented in a single suit. * * * *The rule as to a single cause of action has no application where the injury is suffered in a different capacity, or by different persons.* [Italics added.] In such cases there is, of necessity, two causes of action, and, when embraced in a single suit, a plea of misjoinder would be applicable."

Respondent argues that Section 430 of the Code of Civil Procedure 1922, is authority for his position that he may maintain this separate action for damages to his personal property, having successfully waged one for injuries to his person growing out of the same tort. We do not concur in this view. That section provides for the joinder of certain causes of action in certain conditions or circumstances. Its underlying purpose would seem to be to prevent a multiplicity of suits by the proper joinder of causes of action. We cannot

find in its provisions any support of the suggestion that it intended to encourage the increase of litigation by the multiplication of suits. Rather, its principle seems to be to emphasize the rule that there should be an end to litigation.

Respondent vigorously contests the position of appellant that the present action is *res adjudicata* because of the verdict and judgment in the Federal Court, and the satisfaction of the judgment. He states his position in this wise: "There are three essential elements of *res adjudicata*, (1) Identity of the parties. (2) Identity of the subject matter. (3) Adjudication in the former suit of the precise question sought to be raised in the second."

This is a correct statement of the law of *res adjudicata*. Council then enters upon an ingenious argument to show that these three essential elements of *res adjudicata* are not present alike in each of these suits; that the subject of the action is different; that the subject matter of the first action was the personal injuries suffered by plaintiff, and the subject matter of the second action is the injury, or damages, to the personal property.

The distinction between the "cause of action" and "subject of the action" is clearly pointed out in Bliss on Code Pleading (3d Ed.), 214: "The cause of action has been described as being a legal wrong threatened or committed against the complaining party; and the object is to prevent or redress the wrong by obtaining some legal relief; the subject of the action is clearly neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the Court, nor is that which the Court is asked to do for him, but it must be the matter or thing differing both from the wrong and from the relief in regard to which the controversy has arisen, concerning which the wrong has been done; and this ordinarily is the property, or the contract and its subject matter, or other thing involved in the dispute."

This definition is quoted with approval by our Court in *Columbia Nat. Bank v. Rizer*, 153 S. C., 43, 150 S. E., 316,

68 A. L. R., 443, and in the case of *Ophuls & Hill v. Carolina Ice & Fuel Co.*, 160 S. C., 441, 158 S. E., 824. In this case was also quoted from Pomeroy's Remedies at page 800, these words: "It would, it seems to me, be correct to say in all cases, legal or equitable, that the 'subject of the action', is the plaintiff's main primary right which has been broken, and by means of which breach a remedial right arises."

Plaintiff's primary right was to use the highway in safety; that primary right was invaded by defendant; there arose a remedial right to plaintiff—the right to recover damages for the injuries and damages to his person and property. How? In one action. What effect does his failure then to pursue his remedy for damages in his first action have upon the second action, when the plea of *res adjudicata* is invoked against the maintaining of the second action?

Nowhere has the law applicable to the doctrine of *res adjudicata* received more careful consideration and clearer elucidation than in the opinion of Mr. Justice Cothran in *Johnston-Crews Co. v. Folk*, 118 S. C., 470, 111 S. E., 15. From that opinion (page 482 of 118 S. C., 111 S. E., 15, 18) we take this: "As to the third element as stated above [subject of the action]: In the case of *Hart v. Bates*, 17 S. C., 35, the element is stated in rather tabloid form thus: 'The precise point must have been ruled.' This requires some amplification. *If the identity of the parties and the identity of the causes of action have been established, the former adjudication is conclusive, not only of the precise issues raised and determined, but of such as might have been raised affecting the main issue."* (Italics added.)

Applied to the present case, what is manifest? It is not open to question that the parties in the first action and the present action are the same. We have seen that the causes of action were the same, because there was but one cause of action growing out of the defendant's invasion of plaintiff's right. The matter set up in the second action could have been and *should have been set* up in the first. With infinite pains,

the learned Justice who wrote the opinion in *Johnston-Crews Co. v. Folk* has collected the South Carolina cases, and others, bearing upon the doctrine of *res adjudicata*. From them he deduced the rule we have quoted hereinabove. It needs but to refer to that case for authority in support of the doctrine, as it is thus stated: "A judgment is conclusive between the parties, not only as to matters actually decided, but also as to those necessarily involved in its rendition." *Willis v. Tozer*, 44 S. C., 1, 21 S. E., 617.

Respondent urges that "should the Court adopt the majority view" (that there was but one cause of action), it should not be applied to this case, because at the trial in the Federal Court the question of damage to the property of plaintiff and the question of punitive damages were excluded without objection on the part of defendant.

All that the record shows is found in the order of Judge Dennis revoking his order allowing the amendment to the answer. It does not anywhere appear upon whose motion, or upon what ground, the question of damage to the property of plaintiff and the question of punitive damages were excluded. Certainly it does not appear that it was done upon the motion or at the instance of defendant. It does not appear that it was done upon the initiative of the Court. All that respondent claims is that the exclusion was made "without objection on the part of attorneys for defendant."

We know of no rule of law or practice which made it obligatory on defendant's counsel to make such objection, if the exclusion was at the instance of plaintiff; nor if it were done at the suggestion of the Court. A different aspect of the matter might be presented if the record showed that the exclusion was brought about by the action of appellant. The record does not show this.

We think it was error to strike out the amended answer, and in ordering the defendant to trial on the answer as it stood, and in refusing the motion for new trial.

The judgment of the Circuit Court is reversed, and the case remanded.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER, and CARTER concur.