Sarah **MORGAN** and American Mutual Fire Insurance Company, Plaintiffs,

v.

**LIBERTY MUTUAL INSURANCE COMPANY**, Defendant.

Civ. A. No. 66–214.

United States District Court
D. South Carolina,
Columbia Division.
Dec. 22, 1966.

J. Reese Daniel, Columbia, S. C., for plaintiffs.

F. B. Grier, Jr., of Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for defendant.

HEMPHILL, District Judge.

Defendant, by motion, challenges the jurisdiction of this court alleging failure of jurisdictional minimum.[1] Of necessity the pleadings must be explored. Again we find the usual where an insurer seeks to have the federal trial court determine the law of responsibility or coverage under its policy, hoping to avoid the effects of possible adverse judgment in

1. 28 U.S.C. § 1332(a).

the state court.[2] The issue of coverage is not before this court at this sitting, and *there is* the pending state court action as admitted by all parties.

Plaintiffs allege that Sarah Morgan, in July 1965, bought a Buick automobile from Liberty Motors of Columbia, South Carolina, a registered dealer; that Sarah Morgan was delivered possession. The seller did not comply with Section 46–150.16,[3] S.C.Code Annotated (1962). On October 3, 1965 the car rolled from in front of the Morgan home down a street and into the home of Will Blue. Will Blue owned an automobile liability policy with plaintiff American. He instituted suit for personal injuries against plaintiff Morgan for $25,000.00. Defendant, as insurer of Liberty Motors, and recipient of a copy of Blue's pleadings, is alleged by plaintiffs to be the responsible insurer because of failure to file the requisite papers under the South Carolina Statute, supra.

This court recognizes the reason for the claim of plaintiff that the automobile title laws of South Carolina require certain procedures to transfer title. Clouse v. American Mut. Liab.. Ins. Co., 334 F.2d 18 (4th Cir. 1965). The court will not attempt to discuss the difference, if any exists, between *Clouse* and Grain Dealers Mut. Ins. Co. v. Julian, 247 S.C. 89, 145 S.E.2d 685. Fortunately, for this decision, it is unnecessary to pass on the merits of the controversy.

Admittedly the defendant's policy contained the statutory requisites of $10,000 coverage for personal injury and $5,000 for property damage. The plaintiff alleges in Paragraph 9 of the Complaint:

That on December 6, 1965, Will Blue instituted an action against the plaintiff, Sarah Morgan, seeking damages in the sum of Twenty-five Thousand and No/100 ($25,000.00) Dollars, and the plaintiff Sarah Morgan is still subject to a claim for property damages.

Defendant "admits on information and belief the allegations of Paragraph 9 of the Complaint."

Defendant contends that since Blue only sued for personal injury in the Court of Common Pleas for Richland County that the absolute liability of defendant, if at all to Sarah Morgan, or for her, is $10,000.00. It goes further and points out that the South Carolina Supreme Court has decided that where a motorist suffers personal injury and property damage he is required to sue upon all claims in one action and any claim omitted is lost.[4] This court agrees that such is the law, and accepts defendant's quotation from the *Powers* case:

The action was brought and tried without objection upon the theory that it was not for enforcement of the contract of insurance but for damages for its breach. We hold with the lower court that appellant was bound to discharge with reasonable promptness its undoubted liability under the policy. The evidence was susceptible of the conclusion, implicit in the verdict, that appellant sought to take advantage of respondent's position which was occasioned by the law requiring that his

---

2. This court discussed the problem in Lumberman's Mutual Casualty Co. v. Quick, 257 F.Supp. 252.

3. Section 46–150.16, S.C.Code Ann. (1962): If a dealer buys a vehicle and holds it for resale and procures the certificate of title from the owner within ten days after delivery to him of the vehicle, he need not send the certificate to the Department, but, upon transferring the vehicle to another person other than by the creation of a security interest, shall promptly execute the assignment and warranty of title by a dealer, showing the names and addresses of the transferee and of any lienholder holding a security interest created or reserved at the time of the resale and the date of his security agreement, in the spaces provided therefor on the certificate or as the Department prescribes, and mail or deliver the certificate to the Department with the transferee's application for a new certificate.

4. Holcombe v. Garland & Denwiddie, Inc., 162 S.C. 379, 160 S.E. 881; Powers v. Calvert Fire Ins. Co., 216 S.C. 309, 57 S.E.2d 638, 16 A.L.R.2d 1261.

claims for personal injuries and property damage be sued upon in one action or the omitted claim lost. Holcombe v. Garland & Denwiddie, Inc., 162 S.C. 379, 160 S.E. 881. Omission of the claim for property damage would have as effectually barred it as the subsequent release, and without consideration.

■ This court cannot, however, agree with defendant's position that jurisdiction does not lie. It is not clear whether Blue owned the property which *admittedly* was damaged at the same time Blue claims personal injury. This court has no right to preempt Blue's right to amend his state court action under the provisions of Section 10–692,[5] South Carolina Code Annotated (1962). In South Carolina, there is much discretion in allowing amendments before a trial, and includes such changes as inserting a new cause of action or a new defense. Knight, Yancey & Co. v. Aetna Cotton Mills, 80 S.C. 213, 61 S.E. 396; Elliott v. Carroll, 179 S.C. 329, 184 S.E. 92. Later decisions give wide latitude in permitting party to shape his pleadings to suit his purpose, usually before trial, and there is very little restriction where there is no surprise. Vernon v. Atlantic Coast Line R. Co., 218 S.C. 402, 63 S.E.2d 53.

■ This court reasons that if Blue owns the property, he may amend. Certainly he has now been alerted to that necessity if he owns. If he does not own, this court cannot, will not surmise whether the owner will bring suit within the six[6] years allowed. Sarah Morgan may have another day in court. If so, dependent upon the determination of coverage responsibility, defendant may be called on, up to the limit of the $5,000 provided under the terms of the policy. It follows that, as the matter now stands, there is no definite limitation of the potential liability of defendant to the $10,000. Sarah Morgan has been sued for $25,000. It may be that defendant is obligated to defend; the immediate issue is not before this forum at this time.

■■ Generally, where an automobile liability policy is involved in proceedings for declaratory judgment, the "amount in controversy" for jurisdictional purposes if the maximum amount for which the insurer could be held liable under the policy. New Century Casualty Co. v. Chase, 39 F.Supp. 768 (S.D.W.Va. 1941). The amount of the claim is not controlling here, for the action seeks a declaratory judgment of rights and/or responsibilities under defendant's policy and the possible liability exceeds the statutory minimum. Travelers Ins. Co. v. Young, 18 F.Supp. 450 (D.C.N.J.1937); Security Ins. Co. v. Jay, 109 F.Supp. 87 (D.C.Minn.1952). There is, further, no legal certainty that the required jurisdictional amount could not be recovered. Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729 (1886). This court has jurisdiction.

Pursuit of the declaratory judgment will be held in abatement. Such action in this forum shall not prevent either or both parties from asking the state courts of the State of South Carolina to declare. The legislature has given the permission.[7] The parties are respectfully referred to the language of this court in *Quick.*

---

5. S.C.Code Ann. (1962), Section 10–692 provides: Amendments by the court.— The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by (a) adding or striking out the name of any party, (b) correcting a mistake in the name of a party or a mistake in any other respect, (c) inserting other allegations material to the case or (d) when the amendment does not change substantially the claim or defense, conforming the pleading or proceeding to the facts proved.

6. S.C.Code Ann. (1962), Section 10–143 (3) provides: Six years.—Within six years: (3) An action for trespass upon or damage to real property.

7. S.C.Code Ann. (1962), Section 10–2002.

Jurisdiction remains for such further proceedings in this court as may hereafter be appropriate.

Motion denied.

And it is so ordered.