**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Nellie P. HAMILTON et al., Defendants.**
**Civ. A. No. 69–21.**

United States District Court,
D. South Carolina,
Greenville Division.

May 3, 1971.

David L. Freeman, William W. Kehl, Wyche, Burgess, Freeman & Parham, Greenville, S. C., for plaintiff.

Charles W. Spence, Austin C. Latimer, and James D. Jefferies, Greenwood, S. C., for defendants.

## ORDER

SIMONS, District Judge.

This interpleader action was commenced by plaintiff against the defendants pursuant to Rule 22 of the Federal Rules of Civil Procedure as a result of a three-car automobile collision that occurred on June 15, 1968 on U. S. Highway # 25 near Ware Shoals, South Carolina.

At the time of the collision plaintiff had in full force and effect its automobile liability insurance policy # A0006 600 A23 40 insuring Defendant George M. Coleman with liability limits as follows: For bodily injury $10,000 for each person and $20,000 for each accident, and $5,-000 for property damage. Under the insuring agreement of its policy plain-

tiff agreed "(1) To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons, and (B) property damage, caused by accident arising out of the ownership, maintenance or use * * * of the owned automobile * *" subject to the limits of liability set forth above.

At the commencement of this action plaintiff asked for a preliminary injunction restraining the prosecution in the state court of separate civil actions by the several defendants. After a hearing Judge Russell, citing that plaintiff had settled with the defendant, Sue S. Shirley, and two other passengers in the Shirley automobile for their personal injuries in the total amount of One Thousand, Seven Hundred Eighty-four and 63/100 ($1,784.63) Dollars, ordered on February 24, 1969 that Defendants Lloyd S. Turner, James C. Turner as Administrator of the Estate of Effie Mae Dorn Turner, and Nellie P. Hamilton as Administratrix of the Estate of Earl R. Hamilton, Sr., deceased, be permitted to proceed to judgment in their state court actions which had already been, at that time, commenced against Defendant George M. Coleman in the Courts of Common Pleas of Greenwood and Greenville Counties; provided, however, that no judgment obtained by them should be enforced by suit or execution against plaintiff as to the Defendant Coleman's policy except through petition in this court in this proceeding. Judge Russell's Order further required that plaintiff deposit in the Registry of this Court funds, or a bond, in the amount of $20,000 conditioned upon payment as the Court shall direct of any judgments obtained against Defendant Coleman arising out of the foregoing accident, and allowing to plaintiff such credit for its compromise settlements already made with the Shirleys as the Court shall deem proper. Pursuant to such Order plaintiff filed its bond for $20,000.

After plaintiff's settlement with the Defendant Shirley and the two passengers in her automobile for their personal injuries for a total of One Thousand, Seven Hundred Eighty-four and 63/100 ($1,784.63) Dollars, there is still remaining from the total of $20,000 personal bodily injury coverage in plaintiff's policy issued to Defendant Coleman the sum of Eighteen Thousand, Two Hundred Fifteen and 37/100 ($18,215.37) Dollars. From its $5,000 maximum property damage coverage plaintiff paid Four Hundred Seventy-five ($475.00) Dollars for the total loss of the Shirley vehicle, leaving a balance of unexpended property damage coverage of Four Thousand, Five Hundred Twenty-five ($4,525.00) Dollars.

The following judgments have heretofore been obtained against the defendant, George M. Coleman, in the courts and on the dates as follows, to wit:

1.  Nellie P. Hamilton, as Administratrix of the Estate of Earl R. Hamilton, Sr., deceased, $20,000 actual damages, and $5,000 punitive damages, on February 3, 1969 in the Court of Common Pleas for Greenville County, S. C.

2.  James C. Turner, as Administrator of the Estate of Effie Mae Dorn Turner (wrongful death action), $35,000 actual damages and $15,000 punitive damages on November 9, 1969 in the Court of Common Pleas for Greenwood County, S. C.

3.  Lloyd S. Turner, for $33,000 actual damages (including property damage to his automobile and to other personal belongings damaged or destroyed in the collision), and $27,000 punitive damages obtained January 13, 1970 in the Court of Common Pleas for Greenwood County, S. C.

In each of the foregoing suits plaintiff provided a defense to its insured, Defendant George M. Coleman, and each suit was a bona fide adversary proceeding. No suit has been filed under the South Carolina Survival Statute on behalf of the Estate of Effie Mae Dorn Turner; and the survival action commenced on behalf of the Estate of Earl R. Hamilton, Sr., has not been tried. Apparently

claimants are making no claim for any recovery under the Survivalship Statute as to either deceased and that issue is not now before the Court. The total amount of the judgments obtained against Defendant George M. Coleman as a result of the collision in question greatly exceed the bodily injury limits of coverage of $20,000 under plaintiff's policy issued to Mr. Coleman.

In addition to the policy in question, plaintiff at the time of the accident had in full force and effect identical automobile liability policies with minimum limits covering the automobiles of Defendant Lloyd S. Turner and Ronald L. Shirley. All three policies were introduced in evidence and are now before the Court. According to the record before the Court no action has been commenced and no judgment has been obtained against any persons qualifying as an insured under any of the foregoing policies with the exception of the judgments and actions hereinabove set forth involving Defendant George M. Coleman.

Subsequent to the obtaining of the foregoing judgments against Defendant Coleman and their proper entry in the offices of the Clerk of Courts in the respective counties, the judgment creditors asserted in the hearing before Judge Hemphill that plaintiff should be held liable for the total amount of their judgments, notwithstanding the policy limits contending that plaintiff was guilty of "bad faith" and "negligent failure to settle" in its settlement negotiations with the defendants.

In a well documented and well reasoned Order Judge Hemphill, on November 23, 1970, found "no breach of duty as shown to the plaintiff's insured, the usual circumstance for the operation of the Tyger River (Tyger River Pine Co. v. Maryland Casualty Company, 170 S.C. 286, 170 S.E. 346 (1933)) doctrine. Nor is there any evidence of a breach of duty to the defendants herein under any recognized theory." Defendant Lloyd S. Turner also contended before Judge Hemphill that plaintiff should be required to deposit into the Registry of this Court additional funds or a bond in the amount of $5,000 to cover any property damages suffered by him. Judge Hemphill, in his Order, also ruled that the plaintiff should deposit such bond "without prejudice to its position that only a portion or no amount of that sum is due any of the defendants herein, conditioned upon payment as the court shall direct of any claims of the Defendant Coleman."

Thereafter, on December 14, 1970, the plaintiff filed the additional $5,000 bond.

This matter is presently before the Court for determination as to how and in what amounts the bodily injury and property damage coverages of plaintiff's Coleman policy should be disbursed to the defendant judgment creditors.

Defendant Nellie P. Hamilton, as Administratrix, contends that the defendants' judgments should have priority as to their dates of entry, citing Section 10–1561 of the 1962 South Carolina Code of Laws; that her judgment was obtained and entered first and that therefore she should be paid $10,000 of the balance of the bodily injury coverage. Failing, in that position Mrs. Hamilton contends that each judgment should be prorated on a basis of a $10,000 value since the liability limits of the policy for one person is $10,000.

Defendants Lloyd S. Turner and James C. Turner as Administrator, contend that the bodily injury coverage of the policy should be prorated among the judgment creditors in proportion to the total amounts of their judgments.

Defendant Lloyd S. Turner further contends that since under South Carolina law he only had one cause of action for personal injury and property damage, citing Holcombe v. Garland and Denwiddie, Inc., 162 S.C. 379, 160 S.E. 881 (1931), he is entitled to recover from plaintiff the balance of the unexpended property damage coverage remaining, to wit, the sum of Four Thousand, Five Hundred Twenty-five ($4,525.00) Dollars, covering the actual property damages established by him at the trial

of his state court case, which was not contradicted at that trial by any testimony on behalf of the plaintiff, and to also cover the punitive damages obtained by him against Coleman in the state court action.

The plaintiff contends that it is entitled to a credit of One Thousand, Seven Hundred Eighty-four and 63/100 ($1,784.63) Dollars against its maximum coverage of $20,000 bodily injury liability which it in good faith paid out to settle other personal injury claims prior to the obtaining of judgments by the defendants, Turners and Hamilton. The plaintiff further informs that it takes no position as to how the balance of Eighteen Thousand, Two Hundred Fifteen and 37/100 ($18,215.37) Dollars should be divided, or apportioned among the three judgment creditors, but alleges that such distribution as the Court may determine should be without prejudice to any subrogation right it may have with respect to the $1,000 payment by it to the Turners under the medical payments coverage of its policy issued to Defendant Lloyd S. Turner. Plaintiff further contends that its property damage coverage in favor of Defendant Lloyd S. Turner should be limited to $1,000 actual damages, which it asserts is the fair value of the damage to his automobile and his other personal property lost or destroyed in the collision; and the further sum of Eight Hundred Twenty ($820.00) Dollars punitive damages, which it arrives at by prorating the property damage at $1,000 out of a total of $33,000 actual damages awarded, the proportionate amount being 1/33, and that 1/33 of the total of $27,000 punitive damages included in Turner's judgment is Eight Hundred Twenty ($820.00) Dollars.

A hearing was held by me in Greenville on March 8, 1971, at which time all counsel advised that the record was complete with the exception of certain testimony as to the property damage claim of Defendant Lloyd S. Turner which plaintiff wished to offer. This testimony, which established the value of Turner's automobile damages at $800

rather than the $1200 testified to by Defendant Turner in his state court trial, was received over the objection of counsel for Defendant Turner. Thereafter, the Court heard oral arguments of all counsel and has received written briefs on behalf of each party.

■ It is noted that none of the judgment creditor defendants contend or take the position that plaintiff's settlements of personal injury claims of the three occupants of the Shirley automobile for a total of One Thousand, Seven Hundred Eighty-four and 63/100 ($1,784.63) Dollars and the settlement of Ronald Shirley's automobile property damage for Four Hundred Seventy-five ($475.00) Dollars were unreasonable, or done negligently or in bad faith. The Court has been able to find no South Carolina Supreme Court case on this particular issue, but the general law seems to be that a liability insurer may settle a part of multiple claims arising from the alleged negligence of its insured even though such settlements result in preference by impairing or exhausting the funds to which other injured parties whose claims have not been settled might otherwise look for payment. Alford v. Textile Insurance Co., 248 N.C. 224, 103 S.E.2d 8 (1958); Bartlett v. Travelers Insurance Co., 117 Conn. 147, 167 A. 180 (1933); Bennett v. Conrady, 180 Kan. 485, 305 P.2d 823 (1957). Therefore, it is concluded upon the record here that plaintiff acted reasonably and properly in making such settlements, and that there still remains for distribution to the judgment creditor defendants a balance of Eighteen Thousand, Two Hundred Fifteen and 37/100 ($18,215.37) Dollars for bodily injuries, and Four Thousand, Five Hundred Twenty-five ($4,525.00) Dollars for property damages.

Defendant Lloyd S. Turner, upon a trial of his case upon its merits in the state court, testified that his 1962 Impala Chevrolet automobile was a complete loss and that it had a value of $1200. He further testified that he lost his eyeglasses which cost him $60, and his watch given to him by his son which

cost $175. He further testified that it was necessary to cut his clothes, including a sport coat, from his body after the collision but he did not place any dollar value upon these items. Thus, according to his testimony his actual property damages totaled One Thousand, Four Hundred Thirty-five ($1,435.00) Dollars. State Farm in the state court action apparently did not question these items of property damage and the Court concludes that after the parties have had their day in court they should not be permitted to come in at a later date and offer additional evidence on such issue. It is therefore concluded that Defendant Lloyd S. Turner is entitled to collect from plaintiff under its property damage coverage the sum of One Thousand, Four Hundred Thirty-five ($1,435.00) Dollars, actual property damages.

The Court is unable to agree with plaintiff's contention that plaintiff's liability for punitive damages to Defendant Lloyd S. Turner should be prorated as contended by it, and therefore limited to the sum of Eight Hundred Twenty ($820.00) Dollars. Article 5 of the 1969 Cumulative Supplement of the 1962 South Carolina Code of Laws entitled "Provisions applicable to automobile liability insurance policies in § 46–750.-31(4)" defines the term "damages" as used in this Article as including both actual and punitive damages. Furthermore, § 46–750.32 of the same Article 5 entitled "Bodily injury and property damage limits required" provides as follows:

"No policy or contract of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle, as follows: ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and five thousand dollars because of injury to or destruction of property of others in any one accident."

In addition, the South Carolina Supreme Court in Carroway v. Johnson, 245 S.C. 200, 139 S.E.2d 908, held that the language of an automobile liability policy identical with the insuring agreement in the policy issued by plaintiff to Defendant Coleman was sufficiently broad to cover liability for punitive damages, as such damages are included in the "sums" which the insured is legally obligated to pay as damages because of bodily injuries (property damage) within the meaning of the policy. In arriving at this conclusion the South Carolina Supreme Court, at page 910, stated as follows:

The policy here is a voluntary policy and defendant agreed to pay "all sums" which the insured "shall become legally obligated to pay as damages" because of bodily injury. The punitive damage award is a sum which the insured is legally obligated to pay as damages. However, the question remains: Are punitive damages, "damages because of bodily injury?" Punitive damages have been held to be in the nature of punishment as to the wrongdoer and as a warning and example to deter the wrongdoer and others from committing like offenses in the future. Bowers v. Charleston & W. C. Ry. Co., 210 S.C. 367, 42 S.E.2d 705. In order to sustain a verdict for punitive damages there must be an award for actual

damages. Cook v. Atlantic Coast Line R. Co., 183 S.C. 279, 190 S.E. 923.

"Liability policies have been held to cover punitive, as well as compensatory, damages." Vol. 8, Appleman Insurance Law and Practice, Section 4900, p. 367. In Ohio Casualty Ins. Co. v. Welfare Finance Co., 8 Cir., 75 F.2d 58, it was held that the assessment of punitive damages was a liability imposed by law upon the insured in connection with and because of bodily injuries and the aggravated conduct in causing such injuries.

■ Plaintiff cited no authority for its proposition that punitive damages should be prorated as contended by it, and the Court is persuaded that the better view is that under the facts of this case plaintiff is liable to Defendant Lloyd S. Turner for the balance of its unexpended sum of property damage coverage of Three Thousand, Ninety ($3.-090.00) Dollars as punitive damages. Plaintiff is also liable to Defendant Lloyd S. Turner for interest at the rate of six percent per annum on the sum of Four Thousand, Five Hundred Twenty-five ($4,525.00) Dollars from the date of the entry of Defendant Lloyd S. Turner's judgment against George M. Coleman in January 1970 to December 14, 1970, the date plaintiff filed its $5,-000 bond to cover property damage claims under the Coleman policy.

The final question presented is the manner and in what amounts the balance of Eighteen Thousand, Two Hundred Fifteen and 37/100 ($18,215.37) Dollars remaining of plaintiff's bodily injury coverage shall be distributed among the three judgment creditors. From the briefs filed by counsel for the parties and from our independent research it appears that this matter has never been determined by the South Carolina Supreme Court. It further appears that in other jurisdictions there is a split of authority as to the basis and manner of distribution among multiple claimants of proceeds of a liability insurance policy inadequate to cover all claims. 70 A.L.R.2d 416 (1960); see also "Prorating automobile liability insurance to multiple claimants", 32 The University of Chicago Law Review, 337 (1965). Generally where multiple claims have not been reduced to judgment and such claimants are entitled to participate in a common fund or are all creditors of a common debtor, equity will make prorated distribution of the fund among the creditors. On the other hand, where multiple claimants have reduced their claims to judgment against the insured the Courts in an apparent majority of the cases have held that claimants' judgments are to be paid in full according to the time of their entry. See also Burchfield v. Bevans, 242 F.2d 239 (10 Cir. 1957), in which the Court held that where actions against an insured motorist were taken up in rotation so that, for all practical purposes, they were decided at the same time it was proper for trial court to make distribution of the common fund provided by the insurance coverage according to a percentage formula to all of such judgment creditors and that the judgment creditor first in time had no prior claim over the other judgment creditors.

In the instant case plaintiff filed this interpleader action on January 15, 1969 against its insured, George M. Coleman, and all other claimants asserting claims in connection with the collision prior to the obtaining of any judgments by claimants against Coleman. In its complaint plaintiff further sought an injunction against all claimants prohibiting them from proceeding any further with their state court actions against Coleman. However, such actions were not enjoined by the court and claimants James C. Turner, Lloyd S. Turner and Nellie P. Hamilton were by Order of this Court filed February 25, 1969, permitted to "proceed with their state court actions against plaintiff's insured, Coleman; provided that no judgment is to be enforced by suit or execution against plaintiff as to the Coleman policy except through petition in this court in this proceeding." It was, therefore, after the commence-

ment of this action, that the claimants, Turners and Hamilton, obtained and entered their judgments in their state court actions against Defendant Coleman. It is obvious that Judge Russell permitted claimants to continue to judgment with their state court actions in order that the value of their claims could be judicially determined in an adversary proceeding so as to guide this Court in the ultimate distribution of the inadequate insurance coverage among such claimants whose claims greatly exceeded plaintiff's liability coverage.

■■■ The Court finds no merit whatever to Defendant Hamilton's contention that her claim has priority over the Turner claims under Section 10–1561 of the 1962 South Carolina Code of Laws entitled "Judgments lien on real estate for ten years." [1] As the title indicates, this Section creates a lien only upon the real estate of the judgment debtor situate in any county in this State in which the judgment or transcript thereof is entered upon the Book of Abstract of Judgments and duly indexed, the lien to begin from the time of such entry. A judgment in this State does not create a lien upon the personal property of a judgment debtor until an actual levy is made upon such personal property. It is further significant that the judgments obtained by claimants were against the insured Coleman and not the insurer, State Farm. Neither is there any showing in the record that any of the claimants were guilty of laches or derelict in their prosecution of their claims so as to impair or defeat their equitable claims against the common fund.

■ Unquestionably the factual situation presented here demands, and the prior Orders of this Court in this action

support, a determination that the balance of the bodily injury coverage be prorated among the three judgment creditors according to the total amount of their unpaid judgments.

Inasmuch as claimant Lloyd S. Turner is being herein awarded judgment against plaintiff for One Thousand Four Hundred Thirty-five ($1,435.00) Dollars actual property damages and Three Thousand Ninety ($3,090.00) Dollars as punitive damages to be paid from the balance of plaintiff's property damage coverage for a total of Four Thousand, Five Hundred Twenty-five ($4,525.00) Dollars, this sum should be deducted from his total judgment of $60,000, leaving an unpaid balance of such judgment against Coleman the sum of Fifty-five Thousand, Four Hundred Seventy-five ($55,475.00) Dollars. Claimant James C. Turner, as Administrator, obtained judgment against Coleman in the sum of Fifty Thousand ($50,000.00) Dollars, and claimant Nellie P. Hamilton, as Administratrix, obtained judgment against Coleman in the sum of $25,000. Thus, the total amount of the unpaid balance of all three judgments is One Hundred Thirty Thousand, Four Hundred Seventy-five ($130,475.00) Dollars. For the payment of these judgments there only remains Eighteen Thousand, Two Hundred Fifteen and 37/100 ($18,215.-37) Dollars. It is concluded therefore that this sum should be prorated as follows:

1. To Lloyd S. Turner ($55,475.00 is to $130,475.00 as X is to $18,215.-37) $7,744.76.

2. To James C. Turner, As Administrator, ($50,000.00 is to $130,-475.00 as X is to $18,215.37) $6,-980.41.

[1] § 10–1561. Judgments lien on real estate for ten years.—Final judgments and decrees entered in any court of record in this State subsequent to November 25, 1873, or in any circuit or district court of the United States within this State or of any other Federal court the final judgments and decrees of which, by act of Congress, shall be declared to create a lien, shall constitute a lien upon the real estate of the judgment debtor situate in any county in this State in which the judgment or transcript thereof is entered upon the book of abstracts of judgments and duly indexed, the lien to begin from the time of such entry on the book of abstracts and indices and to continue for a period of ten years from the date of such final judgment or decree.

3. To Nellie P. Hamilton ($25,000.00 is to $130,475.00 as X is to $18,215.37) $3,490.20.

Let judgment be entered accordingly.

The foregoing determinations shall be without prejudice to any subrogation rights plaintiff may have with respect to any medical payments made by is under the policies it issued to any of the defendants herein.

And it is so ordered.