10422

PARKER v. HORTON.

(103 S. E. 546.)

TAXATION—SALE VOID WHERE LANDS RETURNED IN NAME OF LIFE TEN-
ANT'S ESTATE.—Where lands, subsequent to life tenant's death, were
returned in the name of life tenant's estate, the title of tax sale pur-
chaser *held* void.

Before McIver, J., Chesterfield, July, 1919. Reversed.

Action by Nancy A. Parker *et al.* against C. C. Horton
*et al.* From judgment for defendant, the plaintiffs appeal.

Following are the decree and the exceptions, referred to
in opinion:

Decree. This is an action for partition. The defendant,
J. R. Horton, however, in his answer claims fee simple title
to the land in question, as sole owner thereof, by virtue of a
purchase by him of the said land at a tax sale and a sheriff's
deed resulting therefrom. Manifestly, if the contention of
the defendant, J. R. Horton, be correct, the alleged interests
of the other parties to the action are excluded, there can be
no partition, and the complaint must fail. The case came on
to be heard before me at chambers, by consent of counsel,
upon an agreed statement of fact, which has been reduced
to writing and filed in the record of the case.

It appears that the land which is the subject matter of this
action was originally owned by Isaac Hough, who died a
number of years ago, and who left the land in question,
under his will, to his wife, Nancy Hough, for life, with
remainder to his nine living children and one granddaughter.
The wife, Nancy Hough, resided on the premises during
her life, and during that time the taxes were paid on the
land, which was returned in the name of Nancy Hough.
She died about 1909 or 1910, and for several years after her
death the taxes were paid on the land, though it does not
appear by whom they were paid. However, after the death

of Nancy Hough, the land appeared upon the tax books as the land of the Nancy Hough estate; the contention between the parties being, on behalf of those other than the defendant, J. R. Horton, that the said Horton took no title by virtue of the sheriff's deed, because the land was in the name of Nancy Hough estate on the tax books; whereas, they should have been in the name of the Isaac Hough estate, Nancy Hough being simply a life tenant; and J. R. Horton's contention being that the other parties to this action could not possibly have been misled by the fact that the lands were in the name of the Nancy Hough estate, she being their mother, and that the sale should be sustained, especially inasmuch as the parties in interest had notice of the sale to him before the time expired to redeem the premises, and they failed to do so.

As was stated in the case of *Dickson v. Burckmyer,* 67 S. C. 533, 46 S. E. 345: "To hold tax sales invalid for slight and technical irregularities would, therefore, be to unreasonably embarrass the State in the collection of its revenues. The sound view is that all requirements of the law leading up to tax sales, which are intended for the protection of the taxpayer against surprise or the sacrifice of his property, are to be regarded mandatory and are to be strictly enforced."

Also, in the case of *Koth v. Pallachucola Club,* 79 S. C. 517, 61 S. E. 78: "But the statute contemplates only such accuracy in giving the names as will so designate the owners as to protect them against surprise or a sacrifice of their property."

And in this case (*Koth v. Pallachucola Club, supra*) they held that the assessment was good, saying: "The true principle and real meaning of the statute that the taxpayer has the right to insist on such naming of the owner, or owners, as will give him notice that land in which he has an

interest is on the tax books delinquent and to be sold for taxes."

And, again, at page 517 of 79 S. C., at page 78 of 61 S. E.: "It would be unreasonable to require tax officers to unravel complicated inheritances and state on the tax list the Christian and family names of all the heirs of persons deceased."

"It is true, unquestionably, that, technically, the legal ownership of the property was in the estate of Isaac Hough, but it is also true that the plaintiffs and the defendants in this action, who are endeavoring to destroy the tax title of the defendant, J. R. Horton, take their interests under the will of Isaac Hough, after the termination of the life estate of their mother, Nancy Hough; they knowing perfectly well that Nancy Hough was only a life tenant, and knowing perfectly well that Nancy Hough was living on the premises, and that when she died it was their property. By the exercise of the slightest degree of diligence they would have seen that the property was in the name of Nancy Hough erroneously, but they would have instantly recognized it as their property had they so seen it, and a failure to see it, on their part, indicates an absence of a desire to maintain the payment of the taxes.

I see in this case no evidence or indication that these parties have been misled, or surprised, or that their property has been sacrificed, and unless such can be inferred from the testimony, I take it that it is the province and duty of the Court to sustain the *bona fide* tax title for which the money has been paid, and especially where, as appears in this case, the interested parties had not manifested a sufficient interest in their property and their rights thereto to redeem within the statutory period, by the payment of the principal and interest, as provided by the statute, though they had knowledge that an adverse tax title was claimed as against them. The entry on the tax books, while technically incorrect, was

not deceptive or surprising; and the purchaser, under such circumstances as above narrated, has acquired such legal rights as I feel myself bound to respect.

It is, therefore, ordered, adjudged and decreed that the complaint herein be dismissed with costs.

Exceptions. Please take notice that the plaintiff herein, having given due notice of intention to appeal to Supreme Court from the decree of his Honor, Judge Edward McIver, dated 5th day of July, 1919, does appeal upon the following grounds:

(1) For error in his Honor in holding and deciding that J. R. Horton had acquired a legal title to the land in question under his tax title; whereas, he should have found that J. R. Horton took no title to the said lands by virtue of the sheriff's deed, said lands assessed in the name of the Nancy Hough estate on the tax books; the said lands not belonging to the said Nancy Hough estate, but belonging to the estate of Isaac Hough.

(2) For error in his Honor in holding and deciding that the said J. R. Horton took a good title to the property described in the complaint by virtue of the sheriff's tax title to the said property, same having been purchased by him as property of the Nancy Hough estate, the said lands belonging to the estate of Isaac Hough, deceased, and the said estate of Isaac Hough, deceased, being administered upon by the executor of the will of the said Isaac Hough.

(3) For error in his Honor in not holding and deciding that the sale of this land under the tax execution, issued on assessment and execution against another than the owner, is void.

(4) For error in his Honor in holding and deciding that the lands belonging to the estate of Isaac Hough were subject to the execution and sale for taxes for Nancy Hough estate, the life tenant herein, for the reason the property of those alone whose name appear on the tax lists is subject to

sale for nonpayment of taxes; the evidence being that the property of the estate of Isaac Hough was not on the tax lists, and it, therefore, was not subject to sale for nonpayment of taxes of Nancy Hough estate.

(5) For error in his Honor in holding and deciding that the property of the remaindermen, although not listed for taxation, was subject to execution, levy, and sale, under assessment made in the name of the life tenant, Nancy Hough.

(6) For error in his Honor after holding and deciding, "It is true, unquestionably, that technically legal ownership of the property was in the estate of Isaac Hough," that the same was subject to sale for nonpayment of the taxes assessed in the name of Nancy Hough estate.

(7) For error in his Honor in holding and deciding that there is no evidence or indication that the parties hereto have been misled or surprised.

(8) For error in his Honor in holding and deciding that the interested parties had not manifested a sufficient interest in the property and their rights thereto to redeem within the statutory period by the payment of the principal and interest as provided by the statutes, the error being in construing the said statutes referred to as applying to the heirs at law of Isaac Hough; whereas, the said statutes referred to by his Honor apply solely to the Nancy Hough estate property, parties not assessed for taxation not being included in the statute so construed by his Honor, Judge Edward McIver.

(9) For error in his Honor in holding and deciding that there is no evidence or indication that the parties hereto have been misled or surprised, and that the said interested parties had not manifested a sufficient interest in the property and in their rights thereto to redeem within the statutory period; no such evidence or statement appearing in the said agreed case.

(10) For error in his Honor in holding and deciding that the parties interested herein, by the exercise of the slightest degree, would have seen that the property was in the name of Nancy Hough erroneously; whereas, there was no statement in the agreed case showing that they did not exercise diligence in the said matter.

(11) For error in his Honor not holding and deciding that the said J. R. Horton purchased the said property at the said tax sale, and knew at the time that he purchased the same that the said property did not belong to the Nancy Hough estate, but to the estate of Isaac Hough, it being stated in the agreed case that J. R. Horton knew of the said will at the time he purchased the said land and the contents · of the same; he is thereby stopped from denying plaintiff's title to the said lands.

*Mr. W. B. DeLoach,* for appellants, cites: *Sale of lands for taxes under tax execution issued in name of wrong party is void; and placing void titles on the record will draw to them no vitality:* 79 S. C. 517; 80 S. C. 29; 84 S. C. 1; 95 S. C. 301; 34 S. C. 364.

*Mr. C. L. Prince,* for respondents, cites: *Tax sale should be sustained if assessment was in· such name or with such description as to give notice to owners, even if it not be technically correct:* 67 S. C. 535; 79 S. C. 517; 3 Rich. 27; Cooley Taxation 471; 80 U. S. 510; Black Tax Titles 110.

June 28, 1920.

The opinion of the Court. was delivered by MR. CHIEF JUSTICE GARY.

The facts are stated in the decree of his Honor, which, together with the exceptions, will be reported.

The respondent's attorneys in their written argument concede that there is but one issue in the case, and that is whether the fact that the lands were returned as the prop-

erty of Nancy Hough's estate, and not as the estate of Isaac Hough rendered the title of the purchaser void.

The case of *Taylor v. Strauss*, 95 S. C. 295, 78 S. E. 883, is conclusive of this question, and shows that his Honor, the Circuit Judge, was in error.

Reversed.