13893

COOK v. KNIGHT

(175 S. E., 506)

*Messrs. Jester & Wooten* and *C. S. Bowen,* for appellant,

*Messrs. Hodges & Hodges,* for respondent, 

July 27, 1934.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE BLEASE.

Mrs. Josephine Smith owned a parcel of land of two and one-half acres in Greenville County. On October 10, 1930, she conveyed the land to her brother, J. Y. Knight, reserving to herself a life estate therein. The consideration expressed in that deed was "the sum of One ($1.00) Dollar and love and affection."

Mrs. Smith, also, on August 28, 1931, conveyed to her niece, the appellant, Mrs. Ellen Josephine Cook, the identical parcel of land, and in that deed there was reserved to the grantor a life estate. The consideration expressed in that deed was "the sum of $1.00 and love and affection."

The second deed of Mrs. Smith—the one to Mrs. Cook—was properly recorded on September 2, 1931. Her first deed—that to Knight—was not recorded until December 1, 1931, a little less than three months after the recording of the deed to Mrs. Cook.

The grantor in the deeds, Mrs. Smith, died March 17, 1932.

After the death of Mrs. Smith, the appellant, Mrs. Cook, demanded possession of the land conveyed to her by the deed of Mrs. Smith, formerly conveyed by Mrs. Smith to the respondent, who was in possession. The demand was refused.

Mrs. Cook, the appellant, brought this suit, alleging that she had good title to the land; that the respondent was in wrongful possession thereof; and she prayed that she be adjudged the lawful owner. Denying the title claimed by the appellant, the respondent, in his answer, also alleged that he was the lawful owner of the land.

In the trial of the case in the Court of Common Pleas of Greenville County, the facts hereinbefore stated were adduced. Apparently, also, for it is not otherwise disclosed in the right meager record, it was conceded by the parties that the sum of $1.00, mentioned as the consideration in each of the deeds, was a nominal consideration only, and was not paid by either of the respective grantees. The appellant, however, takes the position, which should be mentioned at this time, that the consideration of $1.00, while nominal, was "a valuable consideration." The only other facts brought forth in the trial, appearing in the record, which need to be noticed, are that Mrs. Smith, the grantor, received the rents from the land up to the time of her death; and the respondent, in his tax returns for the years 1930, 1931, and 1932, did not include the parcel of land conveyed to him by Mrs. Smith.

At the close of all the evidence, the jury, as directed by the trial Judge, returned a verdict in favor of the defendant-

respondent. The grounds of any motion for a directed verdict do not appear in the transcript. In fact, it is not altogether clear if both, or either, of the parties moved for a directed verdict. We assume, however, that both of them made such motion, for, in his remarks giving the reasons for the action he took, the Court said: "I have got to direct a verdict for one or the other."

The statement in the transcript, consented to by counsel for both the appellant and the respondent, sets forth the following: "At conclusion of all the testimony, the Trial Judge held as a matter of law that plaintiff was not an innocent purchaser for value without notice as contemplated by the record (recording?) statute, and that defendant's returns were not sufficient admissions against interest to go to the jury, and directed a verdict for the defendant."

From the verdict directed against her, upon which we assume that judgment was duly entered, the appellant has come to this Court.

In her exceptions, not necessary to be repeated, the appellant advances these propositions:

(1) That it was error on the part of the Court to hold that $1.00 is not a valuable consideration under the recording statutes;

(2) That it was error, also, for the Court to hold that the deed to the respondent held against that to the appellant, since the appellant was an innocent purchaser, for valuable consideration, without notice, and her deed had priority over that to the respondent; and

(3) That the question of the ownership of the land should have been submitted to the jury, since the failure of the respondent to include the land in his tax returns for the years 1930, 1931, and 1932 was evidence to show his disclaimer of ownership.

It appears to us that the appellant's first proposition is based upon a misconception of the holdings of the trial Judge. We do not find anywhere in the record an announce-

ment by him to the effect that the payment by a grantee to a grantor of the sum of $1.00, in the purchase of a parcel of land, was not, under the law, a "valuable consideration." What we have above quoted from the agreed statement of facts shows that there was a holding to the effect that the appellant was not an innocent purchaser, for value, without notice. In the remarks he made when directing the verdict, we do not find any statement of the Judge tending to show a holding that $1.00 was not, and could not be, a valuable consideration for the making of a deed to real estate. The evidence in full is not reported. No testimony of the appellant is set forth. The only testimony appearing in the transcript is a part of the examination of the respondent, touching mainly the matter of his failure to include the land in his returns for taxation. In his remarks, the Judge spoke of the contentions of the parties in this way: "Both sides claim through a gift." Upon two or three occasions, he referred to what was, apparently, a concession by both sides, that the land conveyed in each of the deeds was merely a gift on the part of the grantor to the respective grantees named therein. There was no effort, so far as the record before us discloses, on the part of counsel for either of the parties to correct the impression the Court had received from the evidence in the case and the claims of the appellant and the respondent. We are bound to conclude, therefore, that there was no evidence showing any payment of the $1.00 consideration, named in either of the deeds, and that it was admitted that both conveyances on the part of Mrs. Smith were merely gifts, without any valuable consideration moving to her.

It seems clear to us, also, that under all the facts the ▮▮ holding of the trial Judge to the effect that the appellant was not an innocent purchaser, for valuable consideration, without notice, was a correct one. The appellant paid nothing for the land. It was conveyed to her as a gift by her aunt.

The holding that the appellant did not come within the protection afforded an innocent purchaser, for value, without notice, was in harmony with many decisions of this Court. See *Kirton v. Howard,* 137 S. C., 11, 134 S. E., 859, 868. We quote a statement from the opinion in that case, supported by numerous authorities there cited, as follows: "To entitle one to take advantage of the plea that he is a purchaser for value without notice, it is necessary for him to show three things: (1) That the purchase money was actually paid before notice of outstanding incumbrances or equities (giving security for the payment is not sufficient, nor is past indebtedness a sufficient consideration); (2) that he has purchased and acquired the legal title, or the best right to it, before notice of outstanding incumbrances or equities; and (3) that he purchased bona fide without notice."

The tax returns made by the respondent, in which he failed to include the land conveyed to him by Mrs. Smith, did not have any bearing upon the question as to who was the legal owner of the land, and the testimony thereabout did not require that the issue of ownership be submitted to the jury. Mrs. Smith having reserved to herself a life estate in the land, when she made the conveyance to the respondent, the land was properly returned for taxation in her name, and she was liable, under the law, for the taxes so long as she owned that life interest. The recent case of *Campbell v. Williams,* 171 S. C., 279, 172 S. E., 142, where it was held that property in possession of, or owned by, a life tenant should be returned by the life tenant in his name, is conclusive of this question. See, also, *Taylor v. Strauss,* 95 S. C., 295, 78 S. E., 883; and *Parker v. Horton,* 114 S. C., 313, 103 S. E., 546.

Since the transactions on the part of Mrs. Smith with both of her grantees were merely gifts, and not sales by her of the parcel of land she conveyed, and neither of the parties being a purchaser for value, without notice, it is

clear that the respondent, the first grantee, was entitled to the land. When Mrs. Smith conveyed to him, she had no legal right to convey to the second grantee. The first grantee did not lose any right he had to the ownership of the land because of the second conveyance, since the second grantee was not an innocent purchaser, for value, and was not protected by the recording statutes.

The judgment of this Court is that the verdict and judgment of the lower Court be affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.