19738

Mary THOMAS et al., Respondents, v. C. H. BARTELL, Appellant
(201 S. E. (2d) 243)

*Messrs. Harrell & Brown,* of Kingstree, and *J. P. Askins, Jr.,* of Hemingway, *for Appellant,* cite:

*Messrs. Connor & Connor,* of Kingstree, *for Respondents.*
December 6, 1973.

*Per Curiam:*

This action was brought to have a deed declared a mortgage. The lower court found that the parties intended the deed in question to be a mortgage; and the sole question on appeal involves the purely factual issue of whether the evidence is sufficient to sustain that conclusion.

It is conceded that, to establish the character of the deed as a mortgage, the burden was upon plaintiffs-respondents to establish the fact by clear, unequivocal, and convincing testimony. The lower court applied this principle in deciding the issues.

A deed was executed to appellant as the result of an application to him by respondents for a loan with which to pay a past due mortgage indebtedness over the property described in the deed. There is no testimony that respondents desired to sell the property or that appellant desired to buy it. The only consideration for the deed was the exact amount due on the indebtedness, which the loan from appellant was obtained to pay. Receipts were issued to respondents by appellant each year thereafter, until 1971, for payments on indebtedness. The receipts for the years 1956 and 1958 acknowledged payments on a mortgage over respondents' land. The only mortgage to which appellant could have referred in those receipts was the "deed" in question. Additionally, appellant indicated some doubt in his own testimony as to the intended effect of the instrument, when he stated that he considered it either a deed or a mortgage.

Further reference to the testimony would serve no useful purpose. While there is other evidence, some of which is to the effect that the instrument was considered a deed, we are convinced that the lower court correctly resolved the factual issues.

The judgment is accordingly affirmed.