## 20216

SOUTH CAROLINA TAX COMMISSION, Appellant, v. Robert D. BELK et al., Respondents

(225 S. E. (2d) 177)

---

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr.,* and *ohn C. von Lehe, Asst. Attys. Gen.* of Columbia, *for Appellant,*

*Messrs. M. M. Weinberg of Weinberg, Bryan, Warner and Brown,* and *Robert W. Burkett,* Sumter, and *E. Le-Roy Nettles of Nettles, Thomy and Smith,* Lake City, *for Respondents,*

May 17, 1976.

NESS, Justice:

Appellant, South Carolina Tax Commission, recorded four tax liens, two against Robert Belk personally and two against Mohawk Construction Company, a corporation solely owned by Mr. Belk. The Commission conditionally

waived the liens against Mohawk, reserving a right of revocation. Thereafter, Mrs. Belk, as part of a settlement of property and alimony rights in a divorce action against Robert Belk, obtained title to a 700 acre tract of land through a conveyance from Mohawk to Robert Belk to Mrs. Belk. After Mrs. Belk obtained title, the Commission revoked the waiver of the tax liens and instituted this declaratory judgment action to determine the priority of the four liens *vis a vis* Mrs. Belk's interest in the 700 plus acre tract of land.[1]

Respondent, Mrs. Belk, sought and was granted summary judgment. The lower court held the Commission had expressly waived the liens against Mohawk and by implication waived the liens against Robert Belk. The court held Mrs. Belk satisfied the terms of the conditional waiver, and concluded all four liens were subordinate to Mrs. Belk's title. In addition, the court concluded that even if the liens against Robert Belk had not been waived, they did not attach to the 700 acre tract of land because his only claim to title was as a "conduit" in a transfer from Mohawk to Mrs. Belk. We reverse and remand.

A rather complete factual recitation is required, but essentially, this appeal turns upon whether Mrs. Belk can claim rights as an innocent purchaser for value; whether the liens against Robert Belk attached to the land by reason of the conveyance from Mohawk to Robert Belk; and whether a judgment is enforceable against after acquired property obtained during the period in which a judgment may be satisfied.

In June, 1972, the Commission issued and recorded the four income tax warrants. When tax warrants are recorded, they become a lien upon the title to real property the same as a judgment duly docketed. S. C. Code § 65-345 (1962). Because Mohawk was a real estate company in the land de-

---

[1] Several purchasers of lots were made parties to this action, however, they have been released by consent.

velopment business and, in order for it to convey clear title to lots, Mohawk sought a waiver of the tax liens.

Mohawk, Robert Belk and the Tax Commission entered into a waiver agreement. The agreement, duly recorded, waived the liens against Mohawk, but provided for revocation of the waiver at the instance of the Commission. By negative implication, any revocation was to be retroactive except "to any lot or lots when conveyed to an innocent purchaser or creditor for value by the said corporation prior the revocation." (Exhibit E, p. 2.) In 1975 the Commission revoked the waiver. The question becomes was Mrs. Belk an innocent purchaser for value and thereby exempt from the revocation of the waiver?

In 1973 Mrs. Belk obtained title to the land as a result of a property settlement, after incorporated into a divorce decree. The 700 acre tract owned by Mohawk was conveyed to Robert Belk, reciting five dollars as consideration, and a minute later, conveyed to Mrs. Belk. In consideration for the property settlement, Mrs. Belk forfeited alimony and property rights and, based on this, the lower court concluded she was an innocent purchaser for value.

A person may not invoke the doctrine of innocent purchaser for value unless he establishes (1) [T]hat the purchase money was actually paid before notice of outstanding incumbrances or equities (giving security for the payment is not sufficient, nor is past indebtedness a sufficient consideration); (2) that he has purchased and acquired the legal title, or the best right to it, before notice of outstanding incumbrances or equities; and (3) that he purchased bona fide without notice." *Jones v. Eichholz et al.,* 212 S. C. 411, 422, 48 S. E. (2d) 21, 26 (1948); *Cook v. Knight,* 173 S. E. 278, 283, 175 S. E. 506 (1934); *Kirton v. Howard,* 137 S. C. 11, 36, 134 S. E. 859 (1926).

These conditions are not satisfied when sufficient record notice is available to charge the purchaser with a duty to inquire which, if pursued with due diligence would have supplied him with knowledge of the rights of other parties. *Kirton v. Howard, supra.* This Court has been most exacting in determining what actions satisfy the requirements of inquiry notice. We have denied subsequent purchasers comfort under the umbrella of a bona fide purchaser when the exercise of prudence would have avoided the difficulty.

In *National Bank of Newberry v. Livingston,* 155 S. C. 264, 152 S. E. 410 (1930) this Court held a subsequent purchaser's interest was subordinate to a prior *unrecorded* timber deed because a senior recorded mortgage referred to the timber deed. The Court observed, "every prior conveyance or mortgage, duly recorded, unsatisfied of record, constitutes constructive notice to him, not only of the actual conveyance or incumbrance, *but of the recitals which affect the title."* (Emphasis in original) p. 283, 152 S. E. p. 417.

In a later case of *Adams v. Willis,* 225 S. C. 518, 83 S. E. (2d) 171 (1954) a subsequent purchaser was subordinated to a prior recorded option to purchase. The option was recorded as part of a lease agreement which provided the lease (and thus the coterminous option) would not commence until certain repairs to the property had been made. The subsequent purchaser had computed the option period from the date the lease was recorded and erroneously determined it had expired. The court concluded that due diligence required the purchaser make inquiry of the lessor or lessee as to the actual time the lease-option commenced.

These cases stand for the proposition that a purchaser cannot carelessly disregard record notice of potential incumbrances, even when the adequacy of notice is questionable. In each of the cited cases, the Court held, in effect, that a subsequent purchaser, seeking circumvention of a

superior recorded interest, has a duty to make an independent investigation to ascertain the rights of potentially conflicting claims.

In the instant appeal, the predominate purpose of the waiver obviously was to allow for the sale of lots, with clear title, in the ordinary course of Mohawk's business. Equally obvious is the reason for the waiver: to generate income for the corporation so that its tax indebtedness could be satisfied. Yet, Mohawk only received $5.00 from Robert Belk for over 700 acres of land. Under these circumstances, can it be seriously argued that Mrs. Belk did not have sufficient record notice to inquire whether her chain of title qualified for the waiver of tax liens?

Normally, inadequacy of purchase price does not devolve upon a subsequent owner a duty of inquiry to determine the bona fideness of a transaction. See generally 42 A. L. R. (2d) 1088. Here, the amount is so palpably insufficient that it is inconceivable that the transaction was, or even purported to be, a commercial one, within the intention of the conditional waiver. Even if Mrs. Belk was not a party to the transfer from Mohawk to her former husband, she had constructive notice of the tax liens. Moreover, certainly she knew he was the sole owner of Mohawk and that $5.00 consideration from Mr. Belk to Mohawk did not qualify him as an innocent purchaser for value. Thus, Mrs. Belk had notice of defects in her title respecting the lien and, therefore, she cannot claim the lofty status of an innocent purchaser for value.

As we have concluded Mrs. Belk was not an innocent purchaser for value, she is not shielded by the waiver. The issue of whether the waiver applied to all four liens or only those against Mohawk, as alternatively urged by the Commission, becomes moot.[2]

---

[2] The waiver agreement expressly waived the two liens against Mohawk and identified them by lien number, amount, and with reference to the appropriate page in the Clerk of Court's record. In a number of places the agreement and addendum thereto, executed the day following

Mrs. Belk also argues the two liens against Robert Belk never attached to the property. She contends that when title to the tract vested in Robert Belk, he was merely a conduit in a transaction designed to convey the property from Mohawk to herself.

The recorded tax warrants against Robert Belk are accorded the status of final judgments. S. C. Code § 65-345, *supra*. Judgments attach to real property at the time of recording and continue for a ten year period. S. C. Code § 10-1561, *supra*. Therefore, the judgment (tax warrant) attached the moment Robert Belk obtained title. Acceptance of respondent's position would have the effect of granting priority to a junior judgment creditor, Mrs. Belk per the divorce decree, over a prior recorded judgment creditor who is not a party to the divorce settlement.

Mrs. Belk argues that had the conveyance been made directly from Mohawk to her, the Commission's liens against Mr. Belk would not have attached. Mrs. Belk did not pursue that course of action. The rights of the Commission are not diminished merely because the property possibly could have been conveyed in such a manner as to circumvent the outstanding liens against Robert Belk.[3]

Finally, respondent argues that none of the liens attached to this tract of land because both Mohawk and Robert Belk acquired title after the liens were

---

the waiver, referred to the desire of *Robert Belk* to convey property *free of all liens*. The lower court concluded the documents were ambiguous and that, when construed as a whole, they resulted in a waiver of all four liens, at least as to Mrs. Belk, a stranger to the waiver agreement. We need not consider whether the waiver was restricted to the two liens against Mohawk because the Commission was entitled to revoke the waiver retroactively, except as to an innocent purchaser for value. Since Mrs. Belk does not qualify as an innocent purchaser, the Commission revocation would apply to all four liens. Therefore, the issue of whether the liens against Robert Belk were waived becomes moot.

[3] Had this latter course been followed, the Commission may have pled ultra vires or fraudulent conveyances against creditors, issues not raised in the instant case.

perfected. In substance, respondent contends judgments do not attach to after acquired property.[4]

In South Carolina a judgment is enforceable for ten years, South Carolina Code § 10-1561 and executions have "active energy" for the ten year period. S. C. Code § 10-1703 (1962). If a judgment cannot attach to after acquired property, why would the legislature have provided for it to be valid for ten years? Respondent's position would lead to a totally discombobulated process of enforcement of judgments. When after acquired assets become intermingled with assets existing at the time of perfection of a judgment or accretions thereto, the judgment creditor would have an impossible task of attempting to segregate the assets.

We adopt the general rule as stated in 49 C. J. S. Judgments § 477, p. 911: "the lien of a judgment attaches not only to property owned by the debtor at the time of rendition of the judgment, but also to all that he may subsequently acquire during the life of the lien." Since the statute provides that a judgment retains vitality for ten years, the tract of land is subject to the four tax liens and Mrs. Belk's title is subordinate to them.

Summary judgment having been granted for the respondent on erroneous grounds, the judgment is reversed and remanded for consideration of any other issues raised by the pleadings.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

[4] The tract was conveyed to Mohawk after filing of the warrants and execution of the conditional waiver.