## 20252

Grady COOPER, Respondent, v. Bernice TINDALL et al., Appellants.

(226 S. E. (2d) 888)

198

*Messrs. James B. Moore, of Moore, Flowers & Doar, and David H. Maring, of Georgetown, for Appellant,*

*E. Delance Poston, Esq.,* of Johnsonville, *for Appellant,*

*Messrs. J. Reuben Long and Richard N. Booth,* of Con-way, *for Respondent,*

July 9, 1976.

NESS, Justice:

This appeal involves questions concerning the interest of the plaintiff-respondent, Grady Cooper, in a 19.9 acre tract of land and the respective rights of the appellants, Bernice Tindall and Walter Stone, each of whom claim through Cooper's chain of title.

Due to the complexity of the litigation, the need for an accounting, and the predominance of equitable principles, the lower court, by consent of the parties, tried the case as an equitable matter without a jury. It held Cooper was the titleholder of 16.9 acres, subject to First Citizens Bank & Trust Company's interest as a mortgagee; that Tindall was owner of the remaining three acres earned as an accommodation fee as part of a 1962 refinancing, but that he could not assert rights as a bona fide purchaser for value in 13.3 acres conveyed to him in 1972; that a 1964 deed purporting to convey 16.9 acres from Tindall to Stone and an unsecured note from Cooper to Stone was *intended* as a deed to Cooper and mortgage from Cooper to Stone; and that Stone's only interest in any of the land was as a mortgagee. The court ordered additional testimony for the purpose of effecting an accounting and set forth priorities of claims for each party.

No appeal has been perfected concerning the bank's interest, therefore, it becomes the law of the case.

Resolution of two issues disposes of the major points in this appeal. First, was parole evidence sufficient to reform a purported deed absolute (in 1964) to a mortgage? Second, can Tindall, who purchased 13.3 acres in 1972, claim as a bona fide purchaser for value? Stated alternatively, the second issue is whether reformation of the 1964 deed to a mortgage applies against Tindall? We conclude the lower court

was correct in holding the evidence was sufficient to reform the deed, but erred in depriving Tindall of rights as a bona fide purchaser for value. The case is affirmed in part, reversed in part and remanded for taking additional testimony for an accounting and other appropriate relief.

In 1960 Cooper was deeeded a 19.9 acre tract of land from a Mrs. Thompson. Cooper gave her a purchase money mortgage. In 1962 Cooper was unable to make payment on the mortgage so he approached Bernice Tindall to refinance the land. Cooper deeded the entire tract to Tindall, who paid the Thompson mortgage, had it assigned to him (Tindall), and also executed a bond for title for 16.9 acres to Cooper, retaining three acres as an accommodation fee. [1]

In January, 1964, Cooper was unable to make payment on the bond for title and he retained attorney Delance Poston to arrange for refinancing the land. Poston secured Walter Stone as the financier. Cooper, Stone, and Poston met with Tindall and his attorney. Cooper cancelled the bond for title and directed Tindall to convey the 16.9 acres to Stone. Tindall complied, assigned the original Thompson mortgage to Stone, and Stone paid him the balance due on the bond for title.

In addition, Cooper executed an unsecured note in favor of Stone for over $4,000.00, approximately $200.00 more than the amount Stone paid to satisfy the bond for title. Hence, after the transactions, the *record title* was in Stone with Cooper having no interest in the land. In fact, Cooper was indebted to Stone on the note.

Tindall did not have any knowledge of the note. In 1972 Tindall desired to reacquire the tract as it adjoined the

---

[1] Before the lower court, Cooper argued he had been defrauded and that no accommodation fee had been intended. The lower court ruled against Cooper and that ruling is not appealed. Apparently, Cooper has abandoned any contention that Tindall fraudulently obtained the three acres. In a statement of the case preceding Cooper's brief, his counsel states: "Mrs. Thompson needed her money and Grady Cooper went to Bernice Tindall who agreed to finance his indebtness (sic) provided he would give him three acres of land as an accommodation fee."

three acres he had retained as an accommodation fee for the 1962 refinancing. He examined the title record, discovered Stone owned the land and purchased 13.3 acres from Stone for about $6,000.00[2] Stone kept 3.6 acres. The result of these varied transactions was that Tindall had title to 16.3 acres and Stone had title to 3.6 acres. Cooper did not have title, or evidence of title, to any land, rather he owed Stone on the unsecured note.

Between 1964 and 1972, Cooper made some payments, the number and amount being unclear, on the purported unsecured note to Stone and in June, 1972, instituted this action for declaratory judgment seeking an adjudication that he owned and was entitled to possession of the entire 19.9 acres of land, subject to Stone's interest under the note, which we conclude was intended as a mortgage.

The lower court held that the January, 1964, transaction in which Tindall deeded the 16.9 acres and assigned the Thompson mortgage to Stone, and where Cooper released the bond for title and executed a note in favor of Stone was intended as a conveyance to Cooper with Stone as the mortgagee. It concluded the entire transaction was a refinancing plan for Cooper to regain legal title lost earlier through the use of the bond for title, determining that the parole evidence was clear and convincing.

The court held the evidence sufficient to prove Cooper was the legal owner of the 16.9 acres, subject to Stone's interest as a mortgagee. See *Thomas v. Bartell*, 261 S. C. 531, 201 S. E. (2d) 243 (1973); *Britton v. Amos*, 241 S. C. 336, 128 S. E. (2d) 161 (1962). In arriving at this conclusion, the lower court ruled that elements of fraud had not been established, but "some of the testimony points to very unconscionable conduct." We agree that the parole testimony was clear, unequivocal and convincing that the unsecured

---

[2] First Citizens Bank & Trust financed the Tindall purchase and has priority relative to the 13.3 acres by virtue of being bona fide purchaser for value. See discussion, *supra*.

note was a mortgage. *Thomas v. Bartell,* supra; *Britton v. Amos,* supra.

In summary, the parole testimony relied upon shows that Cooper, a common laborer with a fourth grade education, relied upon promises by Stone and attorney Delance Poston that his note to Stone would be treated as a mortgage. Cooper's sole objective in refinancing the land was to retain an ownership interest, yet the purported transactions conveyed the land to Stone *and* obligated Cooper to pay Stone on an unsecured note. Cooper denied receiving any money from Stone. The lower court believed Cooper's testimony and we concur in its finding.

Stone asserted that he advanced Cooper approximately $4,000.00 on this unsecured note *in addition* to payment of over $3,800.00 to Tindall on the bond for title. This testimony was incompatible with Stone's own admissions of his limited financial assets and he did not introduce a cancelled check or receipt to substantiate his claim. Additionally, it is unlikely that Stone would have made an unsecured loan of about $4,000.00 to Cooper when he knew Cooper was without resources to make timely payment on the bond for title.

Stone admitted he would have conveyed the land to Cooper if the note had been satisfied. Furthermore, Cooper farmed part of the land without paying rent to Stone. Thus, Stone treated the note as a mortgage. Finally, it is significant that the amount due on the note exceeded the payment in the bond for title in an amount which might be attributed to interest charges or attorney's fee. We conclude that the set of transactions between Cooper, Stone, and Tindall was intended as a refinancing arrangement vesting legal title in Cooper, subject to Stone's interest as a mortgagee.

The next issue is whether Tindall was a bona fide purchaser for value, when he repurchased 13.3 acres in 1972.

The lower court held that Tindall and Stone "are charged with the knowledge that their transactions were between mortgagees—not between true owners."

A rather complete discussion of the bona fide purchaser doctrine appears in *South Carolina Tax Commission v. Belk,* S. C., 225 S. E. (2d) 177, filed May 17, 1976. In order for Tindall to invoke the doctrine of innocent purchase for value, he must establish "(1) [T]hat the purchase money was actually paid before notice of outstanding incumbrances or equities (giving security for the payment is not sufficient, nor is past indebtedness a sufficient consideration); (2) that he has purchased and acquired legal title, or the best right to it, before notice of the outstanding incumbrances or equities; and (3) that he purchased bona fide without notice." page 4.

Eight years elapsed from the 1964 transaction until the time Tindall purchased the 13.3 acres from Stone. The record was devoid of any interest retained by Cooper. Hence, Tindall was entitled to rely on the record unless he had actual knowledge of Cooper's unrecorded interest in the land.

The 1964 transaction took place in Georgetown and was arranged by Cooper, Stone, and Poston. Poston, attorney for Cooper or Stone or both, prepared the papers. Cooper instructed Tindall to convey the property to Stone. There is no evidence that Tindall had any knowledge of the unsecured note from Cooper to Stone (which was intended as a mortgage). In fact, *Cooper* testified the note was delivered to Stone and Poston in Johnsonville the day following the deed from Tindall to Stone. Thus, there is no direct evidence or attendant circumstances that Tindall knew Cooper was endeavoring to refinance the land, rather than selling his interest to Stone.

The testimony of Tindall and Stone refects that Tindall did not know Stone prior to the conveyance; that Tindall

was unaware of any mortgage agreement between Stone and Cooper; and that Tindall had not discussed the matter of the installment payment due on the bond for title with Cooper or Stone prior to January 29, 1964. Cooper did not directly contradict this testimony of Stone and Tindall.

We conclude that Tindall did not have any actual knowledge that the series of transactions was intended as a refinancing scheme conveying the land to Cooper, subject to a mortgage to Stone. Tindall had no actual knowledge of any infirmities in the title when he repurchased 13.3 acres in 1972 and the record did not contain any constructive knowledge or place Tindall on inquiry notice, therefore, he qualifies as a bona fide purchase for value.

Stone has raised three additional defenses. First, he asserts equitable estoppel. We have found the 1964 transaction, as between Stone and Cooper, vested legal title in Cooper and that Stone later repudiated and dishonored this agreement by conveying a portion of the land to Tindall. Two of the elements of estoppel are ignorance of the actual facts and justifiable reliance. *Liberty Mutual Ins. Co., et al. v. Gould v. S. C. Ins. Co.,* S. C., 224 S. E. (2d) 715, filed May 8, 1976; *Pitts v. New York Life Ins. Co.,* 247 S. C. 545, 148 S. E. (2d) 369 (1966). Hence, Stone obviously cannot latch upon the doctrine of estoppel.

Next, Stone argues the defense of laches. He contends Cooper knew on January 30, 1964, that he did not have a mortgage and that he waited until 1972 to commence the present action. Although Cooper realized that he didn't have a deed, he was reassured by Poston and inferentially by Stone that the note would be treated as a mortgage and that he need not be concerned. Cooper made payments on the mortgage and used the land for farming without paying rent. Stone did not do anything inconsistent with Cooper's interest as a mortgagor until 1972 when he conveyed a portion of the property to Tin-

dall. The instant suit was commenced within a few months, therefore, laches is no defense. [3]

Last, Stone argues this action is barred by S. C. Code § 10-143 (1962), the six year statute of limitations. This contention may be disposed of quickly, Section 143 does not apply to actions for recovery of land.

In summary, we hold:

(1) First Citizens Bank & Trust Company is a bona fide purchaser for value and not subject to any claim of Cooper;

(2) Tindall has title to three acres acquired as an accommodation fee from Cooper, and is a bona fide purchaser for value as to land purchased in 1972 and not subject to Cooper's claim.

(3) Cooper is entitled to title to the 3.6 acre tract and to further relief against Stone and the case is remanded for further testimony for the purpose of effecting an accounting and such other relief as may be proper.

Affirmed In Part; Reversed In Part; and Remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.

---

[3] There was evidence that Cooper offered to pay the note in full in 1966 and that Stone said that for tax reasons, he wanted regular monthly payments, as provided in the "note." Stone's action did not require that Cooper demand the right to satisfy the "mortgage" immediately. Also, there is evidence that Stone, by virtue of being the record owner, paid property taxes. There is no evidence Stone ever presented these receipts to Cooper for reimbursment. It is only natural that Stone would be assessed taxes since he was record titleholder.