In re William Eugene EARNHARDT, Debtor.

William Eugene EARNHARDT a/k/a William E. Earnhardt, Plaintiff,

v.

HERRING NATIONAL LEASE, INC., Defendant.

Bankruptcy No. 81–00635.
Complaint No. 81–0387.

United States Bankruptcy Court, D. South Carolina.

Oct. 19, 1981.

Deena J. Smith, Columbia, S. C., for plaintiff.

Danny C. Crowe, Turner, Padget, Graham & Laney, Columbia, S. C., for defendant.

### MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The debtor, William Eugene Earnhardt (plaintiff), by complaint, seeks to avoid a judgment lien under 11 U.S.C. § 522(f)(1).[1]

---

1. Section 522(f): "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien; * * *."

## FACTS

Herring National Lease, Inc. (defendant) obtained a judgment against plaintiff on September 29, 1980, in the amount of $34,-813. This judgment was recorded in Lexington County, South Carolina, as Judgment Roll Number 36,509. There has been no levy or execution on this judgment.

## ISSUE

The issue in this case is whether or not the judgment lien may be avoided under § 522(f)(1).

## DISCUSSION

Under § 15–35–810, Code of Laws of South Carolina (1976), a judgment creates a lien only on the judgment debtor's real estate located in any county in *South Carolina* in which the judgment or transcript of judgment is entered. Since plaintiff's only real property is located in the State of North Carolina, and the judgment was recorded only in Lexington County, South Carolina, there is no lien against any *real property* avoidable under § 522(f)(1).

Nor is there a lien against plaintiff's *personal property* by virtue of § 15–39–100, Code of Laws of South Carolina (1976), since a lien on *personal property* does not attach until levy and execution. There has been no levy and execution.

## CONCLUSION

It appearing that the judgment creates no enforceable lien on any of the plaintiff's real or personal property, there is, therefore, no lien avoidable under 11 U.S.C. § 522(f)(1).

## ORDER

Now, therefore, IT IS ORDERED, ADJUDGED AND DECREED that the complaint should be, and it hereby is, dismissed.