## 22491

John Kenneth MILLER, a minor over the age of Fourteen (14) years of age by his Guardian ad Litem, John W. MILLER, Appellant v. Dorinda GERTZ, C. Eugene Hardin, and Walter Walker, W. Bryant Jennings, Marchant Harman, Jr., Donald Jackson, Robert Montgomery and Larry Sease, individually and as members of the Board of Trustees for Lexington School District #2, Respondents.

(341 S. E. (2d) 620)

Supreme Court

*Richard J. Breibart*, and *Robert T. Williams*, Lexington, *for appellant.*

*Bruce E. Davis*, Camden, and *James B. Richardson, Jr.*, Columbia, *for respondents.*

Heard Feb. 12, 1986.

Decided March 5, 1986.

HARWELL, Justice:

This tort action was instituted against Lexington County School District No. 2, its members, the district superintendent, and the principal of Cayce Center. The minor appellant, who was enrolled in Cayce Center, sought damages for injuries he suffered as a result of a sexual assault by another student of District No. 2. The assault occurred in a rest room on the premises of Cayce School.

The circuit judge granted the demurrer of all respondents on the ground of sovereign immunity by order dated January 23, 1984, but granted the appellant leave to replead. In his amended complaint, appellant alleged that Cayce Center is a medical facility, within the meaning of S. C. Code Ann. § 44-7-50 (1976), as to which sovereign immunity is waived to the extent of One Hundred Thousand ($100,000.00) Dollars.

At the close of the appellant's case, the lower court judge granted the School District's motion for a nonsuit. In deciding a motion for an involuntary nonsuit, it is incumbent on the trial judge, and this Court on appeal, to view the evidence and all reasonable inferences in the light most favorable to the plaintiff. If there is no relevant competent evidence reasonably tending to establish the material elements of plaintiff's case a motion for nonsuit must be granted. *Bullard v. Ehrhardt*, 283 S. C. 557, 324 S. E. (2d) 61 (1984); *Rycroft v. Gaddy*, 281 S. C. 119, 314 S. E. (2d) 39 (S. C. App. 1984). The motion was granted upon the ground that Cayce Center is a school, not a "hospital or other medical facility" within the meaning of the statute waiving immunity, and further on the ground that no evidence of negligence by District employees had been shown.

Appellant contends that the lower court erred in granting respondents' motion for an involuntary nonsuit on the grounds of sovereign immunity. We have allowed the abolition of the immunity doctrine to extend retroactively to cases pending as of April 18, 1985 provided that the defendant has liability insurance coverage. *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985). In the present case, appellant took no appeal, either initially or after final judgment, from the order sustaining the demurrer on the ground of sovereign immunity. This doctrine then became the law of the case. *Cooper v. Tindall*, 267 S. C. 196, 226 S. E. (2d) 888 (1976). Since appellant did not appeal the lower court's order sustaining the demurrer, the retroactive application of *McCall* is not available to the appellant.

The sole question, therefore, which is properly before this Court is whether the lower court erred in granting an involuntary nonsuit on the ground that Cayce Center is not a hospital or other medical facility. Appellant relied on the case of *Shea v. South Carolina Department of Mental Retardation*, 279 S. C. 604, 310 S. E. (2d) 819 (Ct. App. 1983).[1] The Court of Appeals held in *Shea* that a genuine issue of fact existed, precluding summary judgment, as to whether a full-time residential facility of the Department of Mental Retardation might be regarded as a "medical facility". The facility in the *Shea* case employed twenty-two (22) physicians, housed three thousand (3,000) patients, contained an infirmary, and exclusively provided for the patients' medical needs.

In contrast, it is clear that Cayce Center is a school, not a hospital or other medical facility. Students assigned to Cayce Center are enrolled as school students and attend the Center during regular school hours. The physical services given to Cayce Center students are generally more extensive than are such services to the student population as a whole. This is true because physical handicaps often accompany mental retardation. A physically disabled student at one of the District's other schools, however, would receive exactly

---

[1] *McCall v. Batson*, 285 S. C. 243, 329 S. E. (2d) 741 (1985) overruled *Shea* to the extent that *Shea* held that an action may not be maintained against the State without its consent.

the same care as would a student at Cayce Center. The District's mission is to educate the children assigned to Cayce Center to their fullest potential. Any physical services are merely secondary to this mission. The residential facility in *Shea* bears no resemblance to the day school for handicapped students at issue here.

Having determined that Cayce Center is not a medical facility, we need not determine whether appellant presented sufficient evidence that his assault was caused by the negligence of the Center's employees.

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.