**In re Carolyn E. FLEISHMAN–WILSON, a/k/a Carolyn E. Fleishman, a/k/a C.E. Fleishman, Debtor.**

**Bankruptcy No. 84–01685.**

United States Bankruptcy Court, D. South Carolina.

Feb. 9, 1987.

Louis G. Sullivan, II, Anderson, S.C., for debtor.

Harold P. Threlkeld, Anderson, S.C., for creditor.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Before the court is the application of Carolyn E. Fleishman-Wilson (debtor) for an order approving the distribution of proceeds, remaining from the sale of the debtor's residence, to judgment creditors. However, a dispute has arisen with regard to the order of priority of distribution among the judgment creditors.

## FACTS

By order dated July 30, 1985 and filed by the clerk of court on that same day, the court confirmed the chapter 11 plan of the debtor. The debtor's plan provided, *inter alia,* for the sale of the debtor's residence with proceeds from the sale to be applied to the debtor's mortgage balance with any proceeds remaining thereafter to be used to satisfy the debtor's creditors according to the priority of their respective claims.

One of the judgment creditors, William P. Fretwell (Fretwell) opposed the debtor's application which listed Fretwell's claim as sixth in priority for distribution. Contending that he is third in priority for distribution, Fretwell argues that his lien arose on October 18, 1983, the date his judgment against the debtor was rendered and filed in the office of the Clerk of Court of Anderson County.

The debtor, in his chapter 11 plan, ranked judgment creditors as to priority according to the dates on which their respective judgments were entered. The debtor, citing § 15–35–810 Code of Laws of South Carolina (1976), asserts that inasmuch as a judgment does not constitute a lien upon real estate in South Carolina until entered, Fretwell is correctly listed as sixth in priority as his judgment was entered on February 28, 1984.

## ISSUE

The issue is whether an order of judgment rendered in the Court of Common Pleas, which has been signed by a judge and filed in the office of the Clerk of Court of Anderson County, South Carolina, but not entered into the book of abstracts and indexed, constitutes a lien upon the debtor's real estate.

## DISCUSSION AND CONCLUSION

Under § 15–35–810 Code of Laws of South Carolina (1976):

Final judgments and decrees entered in any court of record in this State ... shall be declared to create a lien, shall constitute a lien upon the real estate of the judgment debtor situate in any county in this State in which the judgment or transcript thereof is entered upon the books of abstracts of judgments and duly indexed, the lien to begin from the time of such entry on the books of abstracts and indices and to continue for a period of ten years from the date of such final judgment or decree.[1]

The statutory language seems clear in requiring that a judgment be *entered* in order to constitute a lien upon real estate; and the case law indicates that the issue has been settled for a century. A judgment does not constitute a lien upon real estate in South Carolina until *entered.*[2]

Although Fretwell cites *South Carolina Tax Commission v. Belk,* 266 S.C. 539, 225 S.E.2d 177 (1976), as support for his contention that a judgment constitutes a lien from the time of rendition, that authority seems inapt. The Supreme Court of South Carolina, in *South Carolina Tax Commission v. Belk,* adopted a rule of time with regard to the determination of the ownership of property by the debtor, *not* with regard to when a judgment constitutes a lien. The statement by the court, which may have been taken out of context to support Fretwell's argument, follows:

We adopt the general rule as stated in 49 C.J.S. Judgments § 477, p. 911: "the lien of a judgment attaches, not only to property owned by the debtor at the time of the rendition of judgment, but also to all that he may subsequently acquire during the life of the lien."

*South Carolina Tax Commission v. Belk,* 266 S.C. 539, 225 S.E.2d 177, at 181 (1976).

The time of rendition of judgment may be relevant with regard to ascertaining the property of the debtor to which the lien attaches; however, the time of rendition of judgment is not the pertinent time in the determination of when a judgment constitutes a lien.

Accordingly, an order of judgment which has been signed by a judge and received by the clerk of court, but not entered into the books of abstracts and indexed, does not constitute a lien upon real estate in South Carolina. Therefore, Fretwell's claim is correctly listed as sixth in priority for distribution in the debtor's Application for Order Approving Distribution of Proceeds. Furthermore, the court approves the distribution of proceeds from the sale of the debtor's residence, after payment of court-approved administrative fees and costs, to the judgment and tax lien creditors as set out in the debtor's Application for Order Approving Distribution of Proceeds filed by the clerk of court on October 3, 1986.

AND IT IS SO ORDERED.

---

1. § 15–35–810 Code of Laws of South Carolina (1976).

2. *Reid v. McGowan,* 28 S.C. 74, 5 S.E. 215 (1888); *Farmers' & Merchants' Bank v. Holliday,* 108 S.C. 116, 93 S.E. 333 (S.C. 1917); *State Farm Mutual Automobile Insurance Company v. Hamilton,* 326 F.Supp. 931 (D.S.C. 1971); *see also, In re Earnhardt,* 15 B.R. 86 (Bankr. D.S.C. 1981).